■ JACK MORGAN, Appellant, v NEW YORK RACING ASSOCIATION et al., Respondents.—In a proceeding pursuant to CPLR article 78 to, *inter alia,* compel the respondent the Jockey Club to accept the change of name of a certain thoroughbred race horse, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered January 26, 1979, which (1) dismissed the petition as to respondents New York State Racing and Wagering Board and the New York Racing Association as premature and (2) directed respondent the Jockey Club to hold a hearing with respect to petitioner's request to reregister the horse. Leave to appeal from that part of the judgment that remitted the matter to the Jockey Club is hereby granted by Mr. Justice Mangano. Judgment affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs. Petitioner is the owner of a thoroughbred race horse which was involved in a "ringer" scandal in 1977. Under a scheme, this horse, a champion from South America, was entered in a race at one of respondent New York Racing Association's (NYRA) racetracks under the name of another, lesser thoroughbred. With high odds against its winning the horse won, paying very great returns to the perpetrators of the scheme who had bet heavily upon it. An investigation led to the ultimate conviction of a track veterinarian who was the main proponent of the plan. In return for aiding the investigating authorities, petitioner was granted immunity by the Nassau County District Attorney's office, although he, too, had been involved in the scheme and did receive substantial sums as a result of the fraud. Petitioner now seeks to race the horse at racetracks in the State of New York. Respondents NYRA and the New York State Racing and Wagering Board (State Board) have rejected petitioner's application to race the horse on the ground that it is not properly registered with respondent the Jockey Club, pursuant to the Laws of 1965 (ch 1031, § 194) and 9 NYCRR 4024.1 (a). The Jockey Club is a private, nonprofit corporation in the business of registering the pedigrees of all thoroughbred horses in the United States, Canada and Cuba. Petitioner brings this article 78 proceeding, seeking to compel the respondents to accept a new registration for the horse under its true name and to permit it to race in the State of New York. Special Term concluded that the petition as against NYRA and the State Board was premature and directed that the Jockey Club hold a hearing on the subject of reregistration. The judgment of Special Term was correct. Under the rules and regulations of the State Racing and Wagering Board, "No horse may start in any race unless duly registered and named in the registry office of The Jockey Club" (9 NYCRR 4024.1 [a]). Furthermore, subdivision 3 of section 12-a of the State Racing Commission Act (added by L 1965, ch 1031, § 194) states that: "The true name and age, and also the pedigree * * * of every such animal shall be registered with the jockey club before it shall be eligible to compete in any such race conducted under the license of the [State Board]". Thus, under the mandate of these sections, it is clear that petitioner's first avenue of relief must lie with the Jockey Club, in order to have his horse properly registered under its own name and pedigree. It was therefore proper to dismiss the petition as to the NYRA and State Board as premature. Petitioner also argues that Special Term has no authority to direct the Jockey Club, a private corporation, to hold a hearing and provide for administrative review. Moreover, petitioner claims that the State Board engaged in an unconstitutional delegation of authority in permitting the Jockey Club to register horses for the purpose of determining eligibility for racing. Neither of these contentions is meritorious. It has long been held that where a private organization has procedures for internal review of its decisions that those

procedures must be exhausted before seeking redress from a court (see *Madden v Atkins*, 4 NY2d 283, 291). The Jockey Club does, indeed, provide for such review procedures, and therefore Special Term was correct in ordering the petitioner to pursue them. Neither does it constitute an unconstitutional delegation of authority for the Jockey Club to engage in the registration of thoroughbreds. Petitioner cites the case of *Matter of Fink v Jockey Club* (302 NY 216), wherein the Court of Appeals struck down a statute granting the Jockey Club the power, solely within the discretion of its stewards, to license horse owners, trainers and jockeys. This case is clearly distinguishable. The Jockey Club registers thoroughbred pedigrees for the use of its members, and would continue to do so even if horse racing were abolished in New York State. The Legislature and State Board have seen fit to rely on those registrations as an accurate source of information. As to granting a preliminary injunction directing the respondents to permit petitioner's horse to race pending further litigation, we note that the court is loathe to grant such an injunction, whereby the petitioner would receive his ultimate relief sought, *pendente lite* (see *Ornstein v 1440 Assoc.*, 173 NYS2d 910). The circumstances presented in this case are not of such extraordinary nature so as to warrant such relief. We have examined petitioner's further arguments and have found them to be without merit. Accordingly, the judgment of Special Term is affirmed. Mollen, P. J., Damiani, Mangano and Martuscello, JJ., concur.