■ BYRNE COMPRESSED AIR EQUIPMENT COMPANY, INC., Respondent, v LOUIS T. SPERDINI, Appellant, et al., Defendants.—In an action, *inter alia,* alleging the wrongful taking and detention of an automobile, the defendant Louis T. Sperdini appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Pantano, J.), dated February 25, 1985, as granted that branch of the plaintiff's motion

which was for an order directing the immediate return of the automobile.

Order reversed insofar as appealed from, with costs, that branch of the plaintiff's motion which was for an order directing the immediate return of the automobile denied, and matter remitted to the Supreme Court, Nassau County, for further proceedings.

The plaintiff commenced this suit charging, *inter alia,* that the defendant Louis T. Sperdini, an ousted director of the plaintiff corporation, had wrongfully converted to his possession a 1980 Mercedes Benz automobile, purchased by the plaintiff. The plaintiff sought immediate recovery of the possession of the automobile by way of injunction or, in the alternative, damages. In his papers in opposition to the plaintiff's motion, Mr. Sperdini alleged that he had a right to the automobile as a one-third shareholder in the corporation and because there were still moneys owed to him by the plaintiff.

A permanent injunction is embodied in a final judgment which may be granted after a trial on the merits *(see,* 7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6301.05). An action to recover a chattel is concerned with which party has the right to possession rather than in whom title is vested *(see,* CPLR 7102 [c]). Because Mr. Sperdini raised certain issues of fact concerning who had the right to possession, a claim for a permanent injunction could have only been issued after a full trial as it could not be resolved on the basis of the papers submitted *(see, Weissman v Kubasek,* 112 AD2d 1086, 1087).

We note that while we could, in the exercise of our discretion, modify the order and grant a preliminary injunction awarding the plaintiff possession of the automobile pendente lite *(see, Weissman v Kubasek, supra),* the plaintiff has failed to make out a prima facie showing of irreparable injury absent the granting of preliminary relief, as it has an adequate remedy at law in a suit for damages *(see, Spellman Food Servs. v Partrick,* 90 AD2d 791). Moreover, the granting of a preliminary injunction in the case at bar would amount to giving the plaintiff pendente lite the ultimate relief sought. Such a result should be avoided where no inequity would result *(see, Morgan v New York Racing Assn.,* 72 AD2d 740). Mollen, P. J., Weinstein, Lawrence and Kunzeman, JJ., concur.