■ BENJAMIN ROCKOWITZ, Respondent, v SYLVAN RAAB, Defendant, and MARK BERGER et al., Appellants.—Levine, J. Appeal from an order of the Supreme Court (Hughes, J.), entered March 10, 1987 in Albany County, which partially granted plaintiff's motion for a preliminary injunction.

In 1964, Irwin Berger, defendant Sylvan Raab and plaintiff founded Central Beer and Soda Corporation (the corporation). Each was issued one third of the authorized shares of corporate stock. In 1976, the three shareholders and the corporation entered into an agreement placing restrictions on certain sales of each shareholder's stock without first offering the shares to the corporation or remaining shareholders. Irwin Berger died in 1980 and his shares were inherited by his two

sons, defendants Howard Berger and Mark Berger (the Berger sons). In early 1987, Raab sold all of his shares to the Berger sons, without having first offered them to plaintiff. When the Berger sons then called a special meeting of the board of directors for the stated purpose of removing plaintiff as president of the corporation, plaintiff brought the instant action. In his complaint, plaintiff alleged that the sale by Raab to the Berger sons violated the restrictive shareholders' agreement and sought specific performance of the terms thereof, which purportedly required Raab to offer to sell the shares to him before completing any sale to the Berger sons. He also sought to enjoin the sale to the Berger sons of their exercise of any shareholder rights as to Raab's shares and the holding of the special meeting called by them. Supreme Court granted plaintiff's motion for preliminary injunctive relief to the extent of enjoining the Berger sons from (1) exercising any rights of ownership with respect to Raab's stock, (2) completing the transfer of the sale upon the books of the corporation, and (3) removing plaintiff as president. This appeal by the Berger sons ensued.

We reverse. The restriction on sale is contained in paragraph two of the agreement, which provides that "[i]n the event a third party exclusive of a spouse or children of a shareholder makes a bona-fide offer to one of the individual parties or their heirs hereto for the purchase of his shares * * * the individual stockholder" must first successively give the corporation and remaining shareholders the right to match the offer. Apart from the foregoing restriction, paragraph one of the agreement permits any individual party to "divest himself of his shares in the corporation by sale, gift or bequest". A literal reading of the restrictive provision, preventing immediate acceptance of an offer to purchase from "a third party *exclusive of a spouse or children of a shareholder*" (emphasis supplied) would make the restriction inapplicable to an offer to purchase by the Berger sons. This is consistent with the clearly enunciated purpose of the agreement, which was to prevent the intrusion into the ownership of the corporation by a stranger to the founding shareholders or their families. The principal "whereas" clause of the agreement recites that "it is the desire of all parties * * * that the stock of the corporation shall not pass into the hands of anyone who, because of lack of knowledge of business or otherwise, might disrupt the successful management of the corporation". That this purpose did not extend to entry of family members into corporate affairs is shown by other provisions of the

agreement providing for the succession of heirs to the corporate interest of a deceased shareholder.

Plaintiff nevertheless contends that the exclusion of a spouse and children language in paragraph two was inserted solely to enable a shareholder to convey his corporate stock to *his* spouse or children. This interpretation, however, is not supported by the language used in paragraph two or a fair reading of the remainder of the agreement. As already pointed out, the general purpose of the agreement did not extend to transactions among shareholders and family members of shareholders. Moreover, if, as plaintiff contends, the only basis of adding to paragraph two the reference to a spouse or children of a shareholder was to permit each *corporate* owner to convey his shares to family members without restriction, it was largely unnecessary. Under paragraph one, a party to the agreement was already permitted to convey shares "by gift or bequest" without restriction, the most likely way a shareholder would transfer stock to his family.

Plaintiff's interpretation of paragraph two represents an attempt to convert an agreement which was clearly only intended to restrict sales to outsiders (other than shareholder family members) to one guaranteeing the right of each original shareholder to maintain a voting balance of control of one third each. That this was not intended is easily demonstrated, even under plaintiff's interpretation of paragraph two. Thus, even as plaintiff would have us read the agreement, Raab could have freely accepted an offer to sell his shares from Irwin Berger, an original signatory (and hence not a "third party"). By the same token, the Berger sons would now be unrestricted in accepting a purchase offer from Raab. And, as already pointed out, the agreement would have permitted Raab to convey his shares to the Berger sons by gift or bequest. In all three illustrated instances, the agreement, as construed by plaintiff, would not protect him from the acquisition of voting control of the corporation by one of the their original shareholders or his family, and we see no rational basis under any fair interpretation of the contract language and its stated purpose to afford him that protection here. Agreements restraining the alienability of corporate shares are to be strictly construed (O'Neal, *Restrictions on Transfer of Stock in Closely Held Corporations: Planning and Drafting,* 65 Harv L Rev 773, 791). Moreover, all agreements are to be construed consistently with their recited purposes *(Fiore v Fiore,* 61 AD2d 1004, 1006, *affd* 46 NY2d 971).

Since plaintiff has demonstrated no likelihood of success

with regard to his interpretation of the shareholder agreement, a mandatory requisite for the granting of a preliminary injunction *(Preston Corp. v Fabrication Enters.,* 68 NY2d 397, 406), the preliminary injunction granted with regard to the Berger sons' power to exercise the rights of the shares and to register the shares in their name should be reversed. We also find that plaintiff has not demonstrated a likelihood of success in his cause of action to enjoin his removal as president of the corporation and the preliminary injunction prohibiting this occurrence should also be reversed.

Order modified, on the law, with costs to defendants Mark Berger and Howard Berger, by reversing so much thereof as granted plaintiff any preliminary injunctive relief; motion denied in its entirety; and, as so modified, affirmed. Mahoney, P. J., Casey and Levine, JJ., concur.

Main and Mikoll, JJ., concur in part and dissent in part in a memorandum by Main, J. Main, J. (concurring in part and dissenting in part). We respectfully disagree with the majority's determination that plaintiff has not shown a likelihood of success on the merits and thus is not entitled to a preliminary injunction prohibiting Raab from selling his shares to the Berger sons or, in the alternative, prohibiting the Berger sons from exercising rights as to those shares. The granting of a preliminary injunction is within Supreme Court's discretion, and this court's review of such a grant is limited to a consideration of whether there has been an abuse of that discretion *(see, Picotte Realty v Gallery of Homes,* 66 AD2d 978; 7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6301.13). In our opinion, Supreme Court did not abuse its discretion in granting this injunction. The construction of the 1976 shareholder agreement advanced by plaintiff, which would permit Raab to transfer his shares to his own heirs but not to Irwin Berger's heirs, is entirely plausible and, if established at trial, would serve to foreclose the transfer from Raab to the Berger sons. Further, given plaintiff's long-term commitment to the corporation and the lack of any evidence that the Berger sons would be harmed by the injunction, plaintiff has sufficiently demonstrated that he will suffer irreparable harm if the injunction is not granted and that the equities of the matter are in his favor. Accordingly, there being no abuse of discretion, we would affirm Supreme Court's grant of a preliminary injunction in this regard.

We do agree, however, that Supreme Court erred in enjoining the special meeting of the board of directors to remove plaintiff as president. Since plaintiff's request for this injunc-

tion is based entirely on his assertion that Mark Berger lacks the authority to act as an officer and director of the corporation, and since Supreme Court has already found that plaintiff has not demonstrated a likelihood of success in making this demonstration, it was error for Supreme Court to issue this injunction.