■ ALLAN J. RUBIN, Appellant, v GOLDRING INC. et al., Respondents.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on November 28, 1988, unani-

mously reversed, on the law, the facts and in the exercise of discretion to the extent appealed from, and plaintiff's motion for a preliminary injunction enjoining defendants from taking possession of an automobile now in plaintiff's possession is granted, on the condition that the bond previously posted by plaintiff in the amount of $20,000 be continued pendente lite, without costs.

On November 16, 1988 plaintiff, Allan J. Rubin, brought an order to show cause to obtain a preliminary injunction enjoining the defendants and their agents from, *inter alia*, taking possession of, or otherwise interfering with, plaintiff's possession and use of a 1985 Jaguar, license plate number NVB-753, and further, from preventing or otherwise restricting plaintiff's use of office space, secretarial and maintenance services at the premises 460 West 34th Street, New York, New York.

By order entered on or about November 28, 1988 the IAS court ruled that plaintiff was to vacate defendants' offices, and to return the subject car on or about November 30, 1988. Plaintiff appeals that portion of the order which denied him possession and use of the car. On December 13, 1988, this court granted a stay with respect to plaintiff's obligation to surrender the car, pending appeal, conditioned upon the posting of a $20,000 bond. Plaintiff has posted the bond, and it continues to be in force.

In the underlying actions, plaintiff is seeking damages, *inter alia*, for breach of contract, deceit and infringement of privacy. These actions stem from several related contracts, involving the sale of plaintiff's entire share of a company to defendants, Goldring Inc. and Ivan L. Friedman, and a related agreement not to compete, either directly or indirectly, with any of defendant's stores. There was a further agreement that plaintiff was to provide consulting services to defendants for a period of five years. As part of these agreements, plaintiff, or his heirs, was to receive $50,000 each year for five years, as well as to have exclusive use and possession of the subject 1985 Jaguar. At the end of the five-year period, or upon termination of the contract, or "in the event of Rubin's death", Rubin or his estate would have the option of purchasing the car for $100 or its book value, whichever was less.

In light of the fact that Rubin has posted a $20,000 bond to secure any claim that defendant might ultimately have with respect to the automobile, and that he has had exclusive use of the car for three years prior to the instant proceedings, we find it appropriate that the status quo, with respect to this

minor aspect of the ongoing litigation, be preserved. *(Cf., Byrne Compressed Air Equip. Co. v Sperdini,* 123 AD2d 368 [2d Dept 1986].) Moreover, on this record, the equities clearly favor plaintiff's continued possession of the car he has had for years.

Accordingly, the order of the IAS court is reversed to the extent appealed from, and plaintiff is granted the exclusive use of the car pending resolution of the underlying actions, conditioned upon the continuation of the bond posted as security for any damages to the car or diminution in value. Concur—Carro, J. P. Asch, Kassal, Smith and Rubin, JJ.