■ MARK BERGER et al., Appellants, v SYLVAN RAAB, Respondent. (And a Third-Party Action.)—Kane, J. P. Appeal from an order of the Supreme Court (McDermott, J.), entered July 24, 1989 in Albany County, which, *inter alia,* granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiffs, Mark and Howard Berger, seek to recover the sum of $13,302.35 from defendant, their uncle, for a portion of the legal fees incurred by them in the defense of a prior action brought by Benjamin Rockowitz against plaintiffs and defendant *(see, Rockowitz v Raab,* 132 AD2d 916). Rockowitz, defendant and plaintiffs owned all of the stock in Central Beer and Soda Corporation (hereinafter the corporation), with shares equally divided in divisions of one third to Rockowitz, one third to defendant and one third to plaintiffs, who inherited their interest from their father, Irwin Berger, one of the three founders of the corporation.

In early 1987, defendant sold all of his shares to plaintiffs under the terms of a 1986 agreement which provided that: "[Defendant] hereby warrants that the title of [Defendant] to said shares is free and clear of any lien, charge or encum-

brance and by sale of said shares hereunder, [Plaintiff] will receive good and absolute title thereto, free from any liens, charges, restrictions or encumbrances. That [Defendant] shall indemnify and hold [Plaintiff] harmless in the event that there is found to be a lien, restriction, charge, or encumbrance against the title to said shares sold under this Agreement."

At the time of the sale, there was in existence a shareholders' agreement, executed in 1976, which gave the corporation the right to match any stock purchase offer by a third party, exclusive of a shareholder's spouse or children. The parties to the 1986 sale were well aware of the 1976 agreement and the record demonstrates the probability that Rockowitz might attempt to interfere with the sale by relying thereon. Rockowitz did commence an action which resulted in Supreme Court granting a temporary restraining order and preliminary injunction enjoining the sale of and any exercise of shareholders' rights by plaintiffs over the shares they recently acquired from defendant. On appeal, this court reversed, holding that Rockowitz had failed to show any likelihood of success on the merits inasmuch as the 1976 shareholders' agreement did not prevent defendant from selling to plaintiffs his shares of the corporation's stock *(see, Rockowitz v Raab,* 132 AD2d 916, 917, *supra).*

In the matter at hand, plaintiffs seek to recover their share of counsel fees incurred in defending the action brought by Rockowitz, relying upon the terms of the warranty and indemnity clause in the 1986 agreement. Plaintiffs contend that the preliminary injunction, which enjoined the exercise of any shareholders' right by them for a period of approximately six months, triggered the provisions of the indemnity clause in their favor, thus requiring reimbursement for the costs of defending the Rockowitz action. Supreme Court granted summary judgment in defendant's favor holding that the 1986 agreement's warranty and indemnification provision did not apply to plaintiffs' defense of the Rockowitz action. This appeal ensued.

We affirm. Supreme Court properly determined that the subject indemnity clause was never activated because of the absence of a finding of "a lien, restriction, charge, or encumbrance" against the title to the shares of the corporation's stock *(see, Rockowitz v Raab, supra).* We reject plaintiffs' contention that the preliminary injunction originally ordered in the Rockowitz action constituted an encumbrance or restriction as envisioned in the indemnity provision of the 1986 sale agreement. We note that the indemnity provision would

be activated "in the event that there is *found* to be a lien, restriction, charge, or encumbrance against the title to said shares" (emphasis supplied). A preliminary injunction, by its nature, is interlocutory, a provisional remedy which is designed to maintain the status quo and which clearly does not establish the law of the case (*see,* CPLR 6301; 7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6301.05; Siegel, NY Prac § 327, at 396). In this instance, the preliminary injunction did not amount to a *finding* that title to the shares was in any way restricted or encumbered such that defendant was required to indemnify plaintiffs pursuant to the sale agreement. Accordingly, the order should be affirmed.

Order affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.