OPINION OF THE COURT
Stanley B. Katz, J.
In this action for monetary damages and injunctive relief, the plaintiff moves (1) to enjoin the defendant, pending the determination of this action, from continuing the nonpayment *631 of rent proceeding instituted by the defendant in the Civil Court, County of Queens, entitled Jac Towers Apts. v Faiola (L&T index No. 54253/90), (2) to remove and consolidate the Civil Court action with the instant «action and (3) to restrain and enjoin defendant, its officers and agents from refusing to consent to the sublet and/or sale of apartment 4A at premises known as 35-05 72nd St., Jackson Heights, New York, by plaintiff to Jorge and Ligia Valencia. Defendant cross-moves to dismiss the complaint.
Plaintiff is the owner of 430 shares in the cooperative corporation which were allocated to cooperative apartment 4A of the premises located at 35-05 72nd St., Jackson Heights, Queens, New York. She also holds the proprietary lease to that apartment. Because of an employment opportunity, the plaintiff moved to Massachusetts in October 1989, and since then has been attempting to sublet or sell her cooperative apartment.
It is the plaintiff’s contention that the decisions of the board to refuse to approve the applications of those seeking to sublet or purchase the plaintiff’s apartment were based on prohibited discrimination. In addition to the discrimination factor the plaintiff also claims that the defendant and the sponsor acted arbitrarily, capriciously and maliciously in refusing to approve the applications because the defendant knew that plaintiff lacked the financial ability to continue to pay for the apartment while residing elsewhere and wanted plaintiff to lose the apartment to the sponsor or to the mortgagee.
Defendant, on the other hand, argues that the board rejected the applications of the proposed subtenants and purchasers because they exhibited a financial inability to carry the subject apartment. Defendant further categorically denies that the applicants for the plaintiff’s apartment were rejected on the basis of their race or that the board’s determination to reject the application was arbitrary, capricious or malicious.
The cross motion to dismiss the complaint is granted to the extent that the second and fifth causes of action are dismissed inasmuch as the plaintiff is not a person aggrieved under New York’s Human Rights Law (Executive Law § 296 [2-a]; see, Belanoff v Grayson, 98 AD2d 353; Weinstein v Hospital For Joint Diseases & Med. Center, 53 AD2d 627).
In all other respects the cross motion is denied. A cooperative board can be challenged for refusing to approve a prospective purchaser, if such decision is based on prohibited racial, *632 ethnic or religious discrimination (Civil Rights Law § 19-a; Weisner v 781 Park Ave. Corp., 6 NY2d 426). While the defendant has denied the allegations of discrimination, the allegations of the plaintiff are sufficient to set forth a valid cause of action. In addition, the court notes that although the recent case of Matter of Levandusky v One Fifth Ave. Apt. Corp. (75 NY2d 530) does, in fact, mandate the use of the "business judgment rule”, when reviewing cooperative board decisions, the case also clearly states that the "business judgment rule” does not prohibit judicial inquiry into actions of the board where they have been allegedly taken in bad faith and for self-dealing. The court thus finds that the first, third and fourth causes of action set forth in the complaint are valid. In making this determination, the court has not treated this cross motion as one for summary judgment.
The branch of the plaintiff’s motion to enjoin and restrain defendant, its officers and agents from refusing to consent to the sublet and/or sale of the cooperative apartment in issue to Jorge and Ligia Valencia is denied. A preliminary injunction is a drastic remedy which will only be granted where the movant demonstrates (1) a likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction and (3) a balancing of the equities in the movant’s favor (Grant Co. v Srogi, 52 NY2d 496, 517). In light of the conflicting affidavits presented on this motion and cross motion, the plaintiff has failed to meet her burden of demonstrating a likelihood of ultimate success on the merits (Family Affair Haircutters v Detling, 110 AD2d 745). Moreover, to compel the board to approve the sublease or sale to the Valencias at this time would alter, rather than maintain the status quo, and give the plaintiff the ultimate relief sought pendente lite. This is something the court will not do except where extraordinary circumstances exist. (Morgan v New York Racing Assn., 72 AD2d 740.) Such circumstances are not present in this case.
Whereas, the plaintiff contends that her inability to pay for the apartment resulted from the discriminatory, arbitrary, capricious and malicious refusal of the board to accept the applicants, the court finds that common questions of law and fact exist with the Civil Court proceeding. Therefore, the branch of the motion to consolidate that proceeding with the instant action is granted to the extent that a joint trial is ordered. In all other respects the motion is denied.