OPINION OF THE COURT
Bertram Katz, J.
Motion by defendant Howard Katz for an order modifying *287 the proposed settlement of this lawsuit solely to the extent of reflecting no payment or settlement interposed on behalf of the defendant Howard Katz, and for other relief, is decided as follows:
The defendant Howard Katz (Dr. Katz) was an orthopedic resident employed by Bronx Lebanon Hospital who was "rotating through” the defendant Hospital For Joint Diseases (HJD) on September 17, 1988, when plaintiff-decedent Maria Gonzalez died of respiratory failure following surgery for scoliosis. This matter has been settled for the sum of $350,000 subject to the outcome of the instant motion by Dr. Katz, who disputes the authority of his employer, Bronx Lebanon Hospital, to consent to a settlement on his behalf. The Surrogate, Judge Holzman, has suspended approval of the compromise petition pending determination of the instant motion.
In this matter, the risk management adviser for Bronx Lebanon Hospital is the Federation of Jewish Philanthropies Service Corp. (FOJP), which is also the risk manager for HJD. Dr. Katz asserts that the insuring entities and their counsel, by consenting to this settlement on his behalf without Dr. Katz’s authorization or consent, have breached their fiduciary responsibility to Dr. Katz.
Although all of Dr. Katz’s expenses of representation and settlement will be absorbed by his employer, Bronx Lebanon Hospital, which has been allocated 25% responsibility, Dr. Katz contests this settlement to avoid its disclosure to the National Practitioner Data Bank (Data Bank), the Superintendent of Insurance, the Commissioner of Health, and any prospective insurers. This "blemish” on his professional record, it is asserted, will induce other prospective employers to view Dr. Katz in an unfavorable light. FOJP argues, however, that although reports to the Data Bank are mandatory (45 CFR 60.7 [a]), such reports are explicitly not to be construed as creating a presumption that medical malpractice has occurred. (45 CFR 60.7 [d].)
FOJP also contends that Dr. Katz has not availed himself of the FOJP’s internal review mechanism, in that a hearing was scheduled pursuant to Dr. Katz’s request for July 25, 1991, but he subsequently declined to appear and brought on this order to show cause instead. FOJP claims that physicians challenging allocations of responsibility in these administrative reviews are successful 50% of the time.
Dr. Katz maintains nonetheless that the absence of a *288 "waiver of consent” clause in his Bronx Lebanon Hospital employment contract mandates that no settlement can be consented to over Dr. Katz’s objection consistent with due process. The flip side of this argument is FOJP’s assertion that the absence of a contracturai provision giving Dr. Katz the right to object to settlement within the policy limits dictates that he has no such right.
The court agrees with FOJP. Although Dr. Katz has broadly asserted that his due process rights are being violated herein, vague references to due process do not substantively establish that a right of the sort claimed by Dr. Katz actually exists. FOJP herein contends without contradiction that the custom and practice in the industry is that residents have no right to withhold consent to a settlement within policy limits when they accept the benefit of the carrier’s defense and indemnification. The court must rely upon custom and practice in this industry, to construe this contract (Edison v Viva Intl., 70 AD2d 379) and declines Dr. Katz’s request to incorporate a legal right into a contract that is silent on the subject. Moreover, the feared impact upon Dr. Katz’s career that might arise from the report to the Data Bank, while regrettable, does not entitle Dr. Katz to blanket insulation from all collateral effects of settlements. Moreover, Dr. Katz chose to waive his right to an administrative review of this settlement, at which he would have been represented by counsel, and thus would have been afforded an opportunity, if successful, to avoid all collateral consequences of the settlement. His failure to exhaust these procedures, which he was entitled to as an employee of Bronx Lebanon Hospital, forecloses him from invoking the jurisdiction of this court. (Morgan v New York Racing Assn., 72 AD2d 740.)
Finally, the court notes that the reports to the Data Bank are not presumptive evidence of malpractice under 45 CFR 60.7 (d), a further indication of the unsubstantial nature of Dr. Katz’s objections.
Accordingly, the motion is denied in all respects.