NARCISO MELENDEZ, Individually and as Administrator of the Estate of MARIA GONZALEZ, Deceased, Respondent, v HOSPITAL FOR JOINT DISEASES ORTHOPEDIC INSTITUTE et al., Defendants, and HOWARD KATZ, Appellant.

Defendant Howard Katz was an orthopedic resident employed by Bronx-Lebanon Hospital and assigned to a residency program at the Hospital For Joint Diseases when plaintiff's decedent, who was a patient at the hospital, died of respiratory failure. Following commencement of a non-jury malpractice/wrongful death action, Bronx-Lebanon Hospital's professional malpractice insurance manager, United Jewish Appeal-Federation of Jewish Philanthropies of New York (FOJP), settled with plaintiff on behalf of all defendants, including Dr. Katz, in the amount of $325,000, allocating 25% of liability to defendant Katz. Defendant Katz unsuccessfully moved to have the settlement set aside as to him on the ground that he never consented to the settlement.

While defendant's residency agreement with Bronx-Leba-

non, which required that he be covered by the hospital's professional liability plan, is silent as to whether his consent to a settlement is required, FOJP presented unchallenged, evidentiary proof that defendant's consent was not required pursuant to custom and practice in this area. Moreover, since Bronx-Lebanon through FOJP provided for an internal dispute resolution mechanism, which the defendant failed to exhaust before seeking judicial relief, he was correctly held to be precluded from seeking such relief *(see, Madden v Atkins,* 4 NY2d 283, 291; *Morgan v New York Racing Assn.,* 72 AD2d 740).

Accordingly, defendant's claim that the absence of his consent precludes any settlement on his behalf is without merit. Concur—Carro, J. P., Rosenberger, Ellerin and Smith, JJ. *[See,* 152 Misc 2d 286.]