■ SYNC REALTY GROUP, INC., Appellant, v ROTTERDAM VENTURES, INC., Respondent. [882 NYS2d 332]—

Malone Jr., J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered January 14, 2009 in Schenectady County, which denied plaintiff's motion for a preliminary injunction.

Plaintiff and defendant own neighboring parcels of real property in the Town of Rotterdam, Schenectady County. Defendant acquired title to its parcel from the United States in 1969 by a deed in which defendant covenanted to provide sewer service to plaintiff's parcel, then still owned by the United States. When the United States sold the parcel to plaintiff 39 years later, defendant notified plaintiff that it was discontinuing sewer service. In response, plaintiff commenced this action seeking specific performance of the covenant in the deed from the United States to defendant and a permanent injunction prohibiting defendant from terminating sewer service. Plaintiff also moved, by order to show cause, for a preliminary injunction preventing defendant from terminating sewer service and obtained a temporary restraining order to that effect. Supreme Court denied the motion, but stayed the execution of the order for 120 days. Plaintiff appeals.*

To establish entitlement to a preliminary injunction, plaintiff was required to demonstrate a likelihood of success on the merits, irreparable harm if the injunction is not granted and that the balance of the equities is in its favor (*see Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]; *see also* CPLR 6301). Here, Supreme Court did not abuse its discretion in determining that plaintiff failed to meet this "particularly high" burden (*Council of City of N. Y. v Giuliani*, 248 AD2d 1, 4 [1998], *appeal dismissed and lv denied* 92 NY2d 938 [1998]) inasmuch as plaintiff did not establish that it was likely to be successful on its claim that the covenant to provide sewer service contained in the deed from the United States to defen-

---

* This Court granted plaintiff's application to extend the stay of Supreme Court's order until the resolution of this appeal.

dant runs with the land. Such affirmative covenants are deemed to run with the land only where it is demonstrated that the original grantee and grantor intended such result, that there is privity of estate between the burdened party and the party seeking the benefit of the covenant, and that the covenant touches and concerns the land (*see Eagle Enters. v Gross*, 39 NY2d 505, 508 [1976]). The deed at issue here specifically states that defendant's obligation to provide sewer service was "for the benefit of the [United States] at rates mutually agreeable to the [United States] and [defendant]." Inasmuch as this language strongly suggests that the parties to that deed did not intend for defendant's obligation to benefit a subsequent grantee such as plaintiff, it cannot be said that plaintiff established likely success on this claim. Nor did plaintiff establish a probability of success on its claim of an implied easement from preexisting use in that it did not provide any evidence that the use of defendant's sewer line is a reasonable necessity rather than a "mere convenience" (*Sadowski v Taylor*, 56 AD3d 991, 993 [2008]).

Finally, we are not convinced that plaintiff will suffer irreparable harm if defendant terminates sewer service to plaintiff's parcel or that plaintiff cannot be compensated monetarily for any such harm should it ultimately prevail in this litigation. Moreover, there is unrefuted evidence in the record that defendant gave notice to all potential purchasers of the parcel, including plaintiff, that it would terminate sewer service upon the sale of the parcel by the United States. Despite this knowledge, plaintiff purchased the vacant parcel and entered into residential leases with several tenants. Considering that plaintiff's alleged harm appears to be in part self-created, it cannot be said that the balance of equities tilts in plaintiff's favor.

Mercure, J.P., Rose, Stein and Garry, JJ., concur. Ordered that the order is affirmed, with costs.