■ ROBERT MOORE et al., Respondents, v RUBACK'S GROVE CAMPERS' ASSOCIATION, INC., Appellant. [924 NYS2d 197]—

Rose, J. Appeal from an order of the Supreme Court (Williams, J.), entered May 28, 2009 in Saratoga County, which granted plaintiff Robert Moore a permanent injunction.

Defendant is an incorporated, not-for-profit membership association that owns an 84-acre campground located on Galway Lake in Saratoga County with 110 campsite lots leased to its members on a long-term basis for an annual rent of $10. Pursuant to their leases, members may use their lot "as a camp site for the erection and maintenance of a camp or summer cottage, and for no other use whatsoever." Also pursuant to their leases, members agree to maintain their membership in defendant and to abide by all of its rules and regulations. Defendant maintains a security gate at the main entrance, which it locks each year from January 1 until after the spring thaw, prohibiting vehicular access. Plaintiffs, who are leaseholders and members of defendant, commenced this action seeking, among other things, a permanent injunction preventing defendant from obstructing the road into the campground. Simultaneously, plaintiff Robert Moore filed a petition seeking the same relief. In support of the requested permanent injunction, Moore relied on paragraph eight of the lease, which provides that "neither party will close or obstruct any road now in use by the leasee or any lot or any road shown upon said map, except that [defendant] may maintain [a] gate on [the] road leading to [the] camp grounds."

Defendant opposed the petition, arguing that it should be treated as a motion for a preliminary injunction and denied. Defendant submitted evidence in opposition describing a long history of the roads being closed from January 1 until after the

spring thaw in order to preserve the unique seasonal character of the community and protect the roadways, which were not built to withstand snowplowing or to support vehicles during the spring thaw. Although Supreme Court referred to the petition as a motion, the court permanently enjoined defendant "from blocking, barricading, or otherwise denying motor vehicle access by [Moore] to his home." Defendant appeals and we reverse.

Initially, we conclude that Moore's request for a permanent injunction, made solely on papers at the commencement of the litigation, was prematurely granted. A permanent injunction is a final judgment, normally only granted after a trial (see Ryan v McLean, 209 AD2d 913, 914 [1994]; Byrne Compressed Air Equip. Co. v Sperdini, 123 AD2d 368, 369 [1986]), while a preliminary injunction is a provisional remedy, interlocutory in nature, designed to maintain the status quo until adjudication of the merits (see CPLR 6301; Uniformed Firefighters Assn. of Greater N.Y. v City of New York, 79 NY2d 236, 239 [1992]; Berger v Raab, 161 AD2d 865, 867 [1990]). Here, there is no indication in the record that Moore requested summary judgment or that the parties agreed to chart a summary judgment course (see Stainless Broadcasting Co. v Clear Channel Broadcasting Licenses, L.P., 58 AD3d 1010, 1012 [2009]; Wadsworth v Beaudet, 267 AD2d 727, 729-730 [1999]), and Supreme Court erred in prematurely granting the ultimate relief.

Next, although we may exercise our discretion to modify the order and grant a preliminary injunction (see e.g. Byrne Compressed Air Equip. Co. v Sperdini, 123 AD2d at 369), Moore has not established entitlement to such relief. As the moving party, he was required to establish a likelihood of success on the merits, irreparable harm in the absence of an injunction and a balancing of the equities in his favor (see CPLR 6301; Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]; Sync Realty Group, Inc. v Rotterdam Ventures, Inc., 63 AD3d 1429, 1430 [2009]). We cannot say that Moore has shown a likelihood of ultimate success on the merits, as the lease provision prohibiting either party from obstructing the campground's roadways contains an exception permitting defendant to maintain a gate across the road leading into the campground and, elsewhere in the lease, Moore also agreed to abide by defendant's rules and regulations—presumably including those concerning the locking of the gate. Also, although Moore intends to live at his camp year-round, his desire to do so does not cause him irreparable harm for which there is no adequate remedy at law. Finally, given Moore's concession that damage would result

if the roads were open to vehicle traffic during periods of thaw, the equities do not tilt in his favor or warrant disruption of the status quo (compare Sync Realty Group, Inc. v Rotterdam Ventures, Inc., 63 AD3d at 1431, Jennings v Fisher, 258 AD2d 722, 724 [1999], and Byrne Compressed Air Equip. Co. v Sperdini, 123 AD2d at 369, with Green Harbour Homeowners' Assn., Inc. v Ermiger, 67 AD3d 1116, 1117-1118 [2009], Karabatos v Hagopian, 39 AD3d 930, 931-932 [2007]).

Peters, J.P., Spain, Stein and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, and permanent injunction denied.