KAREN NORTON, Respondent, v MARILYN DUBREY et al., Appellants, et al., Defendants. [983 NYS2d 679]—

Peters, P.J. Appeal from an order of the Supreme Court (Connolly, J.), entered January 22, 2013 in Albany County, which denied a motion by defendants Marilyn Dubrey and Robert Dubrey for a preliminary injunction.

Plaintiff and defendant Marilyn Dubrey own adjoining parcels of property located in the Town of Colonie, Albany County. In 2001, they entered into an agreement that granted plaintiff a six-foot-wide easement over a portion of Dubrey's land extending from plaintiff's property to the bank of the Mohawk River, as well as an easement for ingress and egress from Alix Road to plaintiff's driveway. The agreement provides, as relevant here, that the easements are intended to be "solely for the benefit of the person/entity holding fee title ownership of the Grantee's premises" and that "[t]he rights afforded under this [agreement] shall not be conveyed, transferred or assigned to any other person/entity who is not the fee title owner of [the premises] without the express written consent of [Dubrey]." Over the course of the ensuing decade, disputes arose between the parties regarding the easements, prompting plaintiff to commence this action seeking, among other things, to enjoin Dubrey and defendant Robert Dubrey (hereinafter collectively referred to as defendants) from interfering with her use and enjoyment of the easements. Shortly thereafter, plaintiff rented her home to a tenant. After moving into the premises, the tenant was notified by defendants that the easements were solely for the use of the fee owner of the property and that he was not permitted to use them. The tenant continued to do so, prompting defendants to move for a preliminary injunction prohibiting anyone but plaintiff (and any other fee owners of the property) from using the easements. Supreme Court denied the motion, and defendants appeal.

We affirm. To establish entitlement to a preliminary injunction, defendants were required to demonstrate a likelihood of success on the merits, irreparable harm in the absence of an injunction and that the balance of the equities is in their favor (*see* CPLR 6301; *Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]; *Moore v Ruback's Grove Campers' Assn., Inc.*, 85 AD3d 1220, 1221 [2011]). "[W]ith the decision to grant or deny a request for a preliminary injunction committed to the sound discretion of the trial court, our review is limited to whether Supreme Court has either exceeded or abused its

discretion as a matter of law" (*Schulz v State of N.Y. Exec.*, 108 AD3d 856, 857 [2013], *lv denied* 21 NY3d 1051 [2013] [internal quotation marks and citation omitted]; *see Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d at 840; *Emerald Green Prop. Owners Assn., Inc. v Jada Developers, LLC*, 63 AD3d 1396, 1397 [2009]). No such finding can be made here.

Even accepting defendants' interpretation of the easements as restricting access to fee owners of the premises, defendants have failed to show that they will be irreparably harmed if the preliminary injunction were not granted. Although defendants voiced concern regarding potential liability in the event that the tenant or his guests are injured on the premises, this potential harm is both remote and speculative (*see County of Suffolk v Givens*, 106 AD3d 943, 944 [2013]; *White v F.F. Thompson Health Sys., Inc.*, 75 AD3d 1075, 1077 [2010]; *Copart of Conn., Inc. v Long Is. Auto Realty, LLC*, 42 AD3d 420, 421 [2007]). Moreover, defendants have an adequate remedy at law and can be fully compensated by monetary damages for any such liability (*see Sync Realty Group, Inc. v Rotterdam Ventures, Inc.*, 63 AD3d 1429, 1431 [2009]; *Roushia v Harvey*, 260 AD2d 687, 687-688 [1999]; *Betesh v Jemal*, 209 AD2d 568, 569 [1994]; *Byrne Compressed Air Equip. Co. v Sperdini*, 123 AD2d 368, 369 [1986]).* Thus, Supreme Court providently exercised its discretion in denying the motion.

Stein, McCarthy and Rose, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Indeed, the grant of easement specifically requires plaintiff to indemnify Marilyn Dubrey with respect to any claims, suits or liability arising from or related to the use of the easements by plaintiff or her "agents, workers, visitors, guests or invitees."