*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 11, 2014                    518307
_____

STS STEEL, INC.,
                      Respondent,

        v                                    MEMORANDUM AND ORDER

MAXON ALCO HOLDINGS, LLC,
                      Appellant.
_____

Calendar Date:  October 15, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ.

_____

        Gilberti Stinziano Heintz & Smith, PC, Syracuse (Kevin G. Roe of counsel), for appellant.

        Hacker Murphy, LLP, Latham (James E. Hacker of counsel), for respondent.

_____

Rose, J.

        Appeal from an order of the Supreme Court (Reilly Jr., J.), entered April 4, 2013 in Schenectady County, which granted plaintiff's motion for a preliminary injunction.

        Plaintiff owns an industrial building with deeded easements located within defendant's industrial park in the City of Schenectady, Schenectady County.  Plaintiff also leases from defendant an adjoining parcel with a general right of ingress and egress.  Plaintiff commenced this action seeking a declaration that its leased right-of-way entitles it to a general right of passage of commercial vehicles in connection with its heavy steel fabrication business operated on the premises.  Plaintiff also seeks a permanent injunction prohibiting defendant from interfering with plaintiff's use of the general right-of-way and

compelling defendant to remove certain obstructions to its right of passage. When plaintiff moved for a preliminary injunction, Supreme Court granted the motion. Defendant now appeals and we affirm.

In order to establish entitlement to a preliminary injunction, the moving party must show that it has a likelihood of success on the merits, it will suffer irreparable harm if the relief is not granted and the equities weigh in its favor (see CPLR 6301; Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]; Norton v Dubrey, 116 AD3d 1215, 1215 [2014]; Karabatos v Hagopian, 39 AD3d 930, 931 [2007]). As the decision to grant or deny a preliminary injunction is within the discretion of Supreme Court, our review is limited to whether the court exceeded or abused its discretion as a matter of law (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d at 840; Norton v Dubrey, 116 AD3d at 1215-1216; Confidential Brokerage Servs., Inc. v Confidential Planning Corp., 85 AD3d 1268, 1269 [2011]).

Supreme Court did not abuse its discretion by concluding that defendant was unlikely to succeed on its claim that the metes and bounds easement conveyed to plaintiff when it purchased the building from defendant's predecessor limits and restricts the general right of ingress and egress granted in the lease that was entered into at the same time with that same predecessor. The general right-of-way in the lease is an easement appurtenant that "may be extinguished only by abandonment, conveyance, condemnation or adverse possession" (Niceforo v Haeussler, 276 AD2d 949, 950 [2000]; see Will v Gates, 89 NY2d 778, 783 [1997]; Gerbig v Zumpano, 7 NY2d 327, 330 [1960]). Inasmuch as there is no evidence that the general right-of-way was abandoned, conveyed, condemned or adversely possessed, it continues to exist, notwithstanding any easement provided for in connection with the separate conveyance of the building to plaintiff (see Navin v Mosquera, 26 AD3d 556, 557-558 [2006]).

Given that plaintiff has a general right of ingress and egress, defendant may only alter the passageway "so long as [plaintiff's] right of passage is not impaired" (Lewis v Young, 92 NY2d 443, 449-450 [1998]; accord Thibodeau v Martin, 119 AD3d

1015, 1016 [2014]; Sambrook v Sierocki, 53 AD3d 817, 818 [2008]). Plaintiff presented photographs and an affidavit from its president establishing that defendant's placement of steel poles along the easement's boundaries and a locked gate at one of the entrances restricted plaintiff's ingress and egress, thereby showing a likelihood of success on the merits of its action (see e.g. MacKinnon v Croyle, 72 AD3d 1356, 1358 [2010]; Marek v Woodcock, 277 AD2d 864, 866 [2000], lv dismissed 96 NY2d 792 [2001]). Defendant's argument that the locked gate is necessary to comply with lawful orders issued by the City to protect its underground sewer pipeline in the vicinity is belied by the record, which reflects that the City has approved a process for permitting plaintiff's use of a steel land bridge that would allow heavy trucks to pass over the City's sewer line without further damage.[1]

Given the absence of any argument on appeal that plaintiff has not established that it would be irreparably harmed in the absence of injunctive relief, and the lack of any apparent prejudice to defendant, we agree with Supreme Court that the equities balance in plaintiff's favor (see Green Harbour Homeowners' Assn., Inc. v Ermiger, 67 AD3d 1116, 1117 [2009]; Cooperstown Capital, LLC v Patton, 60 AD3d 1251, 1253 [2009]; Lew Beach Co. v Carlson, 57 AD3d 1153, 1155 [2008]).

Lahtinen, J.P., McCarthy, Lynch and Clark, JJ., concur.

---

[1] Further, we note that plaintiff purchased insurance against any further risk of damage to the sewer line, and the parties' lease agreement contains an indemnification clause.

ORDERED that the order is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court