*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   June 16, 2016                    521986
_____

KATHRYN L. M. RUNDBERG et al.,
                    Appellants,
          v                                      MEMORANDUM AND ORDER

KATHLEEN M. RUNDBERG,
                    Respondent.
_____

Calendar Date:   April 29, 2016

Before:   McCarthy, J.P., Egan Jr., Rose, Lynch and Aarons, JJ.

_____

        The Biscone Law Firm, Ravena (Michael J. Hutter of Powers &
Santola, LLP, Albany, of counsel), for appellants.

        Hilscher & Hilscher, Catskill (J. Theodore Hilscher of
counsel), for respondent.

_____

McCarthy, J.P.

        Appeal from a judgment of the Supreme Court (Elliott III,
J.), entered January 12, 2015 in Greene County, upon a decision
of the court in favor of defendant.

        The parties own adjoining parcels of real property, title
to which was once unified.  Upon moving back to his parcel in
August 1995, plaintiff Edward E. Rundberg became aware that his
brother, defendant's now-deceased husband (hereinafter the
husband), had installed a sewer line on Rundberg's property.  In
2012, Rundberg and his spouse commenced this action claiming,
among other things, that defendant was continually trespassing on
their property by maintaining an active sewer line.  Defendant
counterclaimed to establish an easement by prescription for the
sewer line.  Following a nonjury trial, Supreme Court found in

favor of defendant's counterclaim as to a prescriptive easement and, as a result, dismissed plaintiffs' trespass claim. Plaintiffs appeal,[1] and we affirm.

We reject plaintiffs' contention that defendant provided legally insufficient proof to prove hostile use for the requisite period in establishing a prescriptive easement claim. "To succeed on a prescriptive easement claim, a [party] must show that the use of the servient property was open, notorious, continuous and hostile for the prescriptive period" (Barra v Norfolk S. Ry. Co., 75 AD3d 821, 823 [2010] [citations omitted]; see Barlow v Spaziani, 63 AD3d 1225, 1226 [2009]). Although in certain instances hostility is presumed upon proof of other elements, that is not the case, where, as here, the user and the landowner are related by blood (see Mobile Motivations, Inc. v Lenches, 26 AD3d 568, 569 n [2006]; Wechsler v New York State Dept. of Envtl. Conservation, 193 AD2d 856, 860 [1993], lv denied 82 NY2d 656 [1993]).

Regardless of whether the husband had taken actions up until the spring of 1996 that were inconsistent with the necessary element of hostility, the record established that between that time and the end of 1997, he refused three requests by Rundberg to remove the sewer line. Those refusals were sufficient to unequivacally notify plaintiffs of a hostile claim (see Koudellou v Sakalis, 29 AD3d 640, 641-642 [2006]; see generally Larsen v Hanson, 58 AD3d 1003, 1005 [2009]). As to the period thereafter, the record contains numerous examples of requests by plaintiffs and their attorney for the removal of the sewer line being refused by defendant and the husband, and there is no evidence that, during the subsequent 10-year period, defendant or the husband acknowledged that they did not have a

---

[1] Although the affidavit of service reflects that plaintiffs timely served the notice of appeal, there is no evidence that they timely filed the notice of appeal (see CPLR 2103 [b] [2]; 5513 [a]). In the absence of any prejudice to defendant, we excuse any late filing in this regard (see CPLR 5520 [a]; Albany Eng'g Corp. v Hudson River/Black Riv. Regulating Dist., 110 AD3d 1220, 1222 n [2013]).

claim of right as to the sewer line's placement (see generally Walling v Przybylo, 24 AD3d 1, 4-5, affd 7 NY3d 228 [2006]). Accordingly, based on this continuous hostile use, defendant established a vested right in a prescriptive easement no later than the end of 2006,[2] six years prior to plaintiffs' commencement of the trespass claim.  Plaintiffs' remaining contentions are without merit.

Egan Jr., Rose, Lynch and Aarons, JJ., concur.

ORDERED that the judgment is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[2]  Defendant's claim is "measured in accordance with the law of prescription as it existed prior to the enactment of the 2008 amendments" to the RPAPL because defendant's right had vested prior to July 7, 2008, the effective date for said amendments (Barra v Norfolk S. Ry. Co., 75 AD3d at 825; see L 2008, ch 269; see also Bergmann v Spallane, 129 AD3d 1193, 1194 n 2 [2015]).