Biles v Whisher (2018 NY Slip Op 02518)





Biles v Whisher


2018 NY Slip Op 02518


Decided on April 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 12, 2018

525007

[*1]LEONARD BILES JR. et al., Respondents,
v
RANDALL WHISHER, Appellant.

Calendar Date: February 21, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Pritzker, JJ.


Stafford, Owens, Piller, Murnane, Kelleher & Trombley, PLLC, Plattsburgh (Thomas M. Murnane of counsel), for appellant.
Russell, McCormick & Russell, Keeseville (Andrew J. Russell of counsel), for respondents.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Bruening, J.), entered July 26, 2016 in Essex County, which, among other things, granted plaintiffs' motion for a preliminary injunction.
Plaintiffs are the owners of several seasonal camp properties located on the west side of Trout Pond in the Town of Chesterfield, Essex County. In December 2015, defendant, the owner of two parcels of land located to the south and southwest of plaintiffs' properties, prevented plaintiffs' access to a private dirt road, known as Macavoy Way, by placing several boulders in its path. Plaintiffs commenced this action pursuant to RPAPL article 15 to determine their right to use Macavoy Way and seeking, among other things, to enforce a written easement that allegedly reserved plaintiffs a right-of-way over Macavoy
Way and, in the alternative, to continue such usage of Macavoy Way through a prescriptive easement. After defendant joined issue, plaintiffs moved for a preliminary injunction requiring defendant to remove the obstructions from Macavoy Way during the pendency of the action. Defendant opposed such relief. Supreme Court granted plaintiffs' motion and defendant appeals. We affirm.
A party seeking a preliminary injunction "must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of the equities in its favor" (Rural Community Coalition, Inc. v Village of Bloomingburg, 118 AD3d 1092, 1095 [2014] [internal quotation marks and citation omitted]; see CPLR 6301; STS Steel, Inc. v Maxon Alco Holdings, LLC, 123 AD3d 1260, 1261 [2014]). "The decision to grant or [*2]deny a request for a preliminary injunction is committed to the sound discretion of the trial court, and our review is limited to whether Supreme Court has either exceeded or abused its discretion as a matter of law" (Waldron v Hoffman, 130 AD3d 1239, 1239 [2015] [internal quotation marks, brackets and citations omitted]).
Plaintiffs have demonstrated a probability of success in establishing an easement appurtenant, by implication and by prescription. "An easement appurtenant . . . is created through a written conveyance, subscribed by the grantors, that burdens the servient estate for the benefit of the dominant estate" (Stone v Donlon, 156 AD3d 1308, 1309 [2017] [citations omitted]; see Webster v Ragona, 7 AD3d 850, 853 [2004]). Plaintiffs submitted deeds that demonstrate that the property titles were all once held by a common grantor, Rose Van L. Burnham, and, when she conveyed her property in 1958, she reserved the right for her successors — present-day plaintiffs — to cross the property, now owned by defendant [FN1]. Additionally, the language reflected in Burnham's deed established that the easement would burden defendant's current properties, as the servient estate, and benefit plaintiffs' present properties, as the dominant estate.[FN2]
To establish an implied easement, there must be "(1) unity and subsequent separation of title, (2) the claimed easement must have, prior to separation, been so long continued and obvious or manifest as to show that it was meant to be permanent, and (3) the use must be necessary for the beneficial enjoyment of the land" (Freeman v Walther, 110 AD3d 1312, 1315 [2013] [internal quotation marks and citations omitted]; see Lew Beach Co. v Carlson, 77 AD3d 1127, 1130 [2010]). The deeds submitted by plaintiffs demonstrate unity of ownership and a subsequent separation of title to plaintiffs. An affidavit of plaintiff Craig Stevens illustrates that the claimed easement over defendant's property has been used for at least 49 years by plaintiffs and their predecessors. Moreover, while the exact location of the easement is not described in Burnham's conveyance, the description encompasses defendant's current properties. Also, plaintiffs' and their predecessors' extensive use of the same location, for close to 50 years, demonstrates the location of the easement over defendant's properties and that such use of his property was meant to be permanent (see Green v Mann, 237 AD2d 566, 567 [1997]). Furthermore, Stevens' affidavit establishes that plaintiffs' use of Macavoy Way was to enable them to use and enjoy their properties.
"To succeed on a prescriptive easement claim, a party must show that the use of the servient property was open, notorious, continuous and hostile for the prescriptive period" (Rundberg v Rundberg, 140 AD3d 1461, 1462 [2016] [internal quotation marks and citations omitted], lv denied 29 NY3d 902 [2017]; see Gulati v O'Leary, 125 AD3d 1231, 1233 [2015]). Stevens' affidavit set forth that plaintiffs' use of Macavoy Way was open, notorious and continuous because they did not use it in concealment and, in fact, made noticeable [*3]improvements to the road and used it for close to 50 years — well beyond the prescriptive period. Despite defendant's claim that he gave plaintiffs permission to use Macavoy Way, there is no evidence of this in the record. While defendant's submissions may raise factual questions, that does not prevent plaintiffs from establishing the likelihood of success on the merits as "success need not be a certainty to obtain a preliminary injunction" (Cooperstown Capital, LLC v Patton, 60 AD3d 1251, 1252-1253 [2009]).
Plaintiffs also demonstrated danger of irreparable harm and a balance of the equities in their favor by photographs demonstrating that the northern section of Macavoy Way is not a safe route and that defendant blocked the southern section of the road, depriving plaintiffs of their right to use and enjoy their properties. Furthermore, due to the obstructions, and as attested by Stevens, emergency responders and utility companies are unable to access Macavoy Way. Based on the foregoing evidence, plaintiffs met their burden in proving each of the required elements for a preliminary injunction (see Lew Beach Co. v Carlson, 57 AD3d at 1155-1156).
McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Defendant disputes that Burnham ever owned his properties based on a title search that he conducted, but has failed to submit such proof.

Footnote 2: Plaintiff Ariel Ministries' deed does not include the same right-of-way language as reflected in the remaining deeds, but it does establish that the property is "the same premises conveyed by . . . Burnham," which Burnham made clear in her conveyance of the property that her successors would have the right to cross defendant's current property "for all purposes."