■ PYRAMID CENTRES AND COMPANY, LTD., et al., Respondents, v SARWILL ASSOCIATES, Appellant.—Mikoll, J. P. Appeal from an order of the Supreme Court (Brown, J.), entered May 24, 1991 in Saratoga County, which, *inter alia,* granted plaintiffs' motion for a preliminary injunction.

Defendant, a limited partnership, owns Wilton Mall in the Town of Wilton, Saratoga County. Plaintiff Pyramid Centres and Company, Ltd. (hereinafter plaintiff), a partnership, is the owner of Saratoga Mall in the Town. When the Town would no longer allow defendant to use its on-site septic system to dispose of its sewage, defendant constructed a one-mile sewer line connecting its property with the Saratoga County Sewer District No. 1 sewer system. Subsequently, the Town determined that plaintiff could no longer use its deteriorating on-site septic system for sewage disposal and plaintiff then built a connection to the sewer line constructed by defendant. Upon defendant's discovery of this hook-up, it requested plaintiff to discontinue use of the line or pay it a user fee.

Plaintiff then commenced this action seeking a declaration that defendant is without authority to charge a user fee and a permanent injunction restraining defendant from interfering with or impairing plaintiff's use of the sewer line. Plaintiff also moved, by order to show cause containing a temporary restraining order, for a preliminary injunction. Defendant answered and cross-moved for summary judgment declaring it the owner of the sewer line. Supreme Court, in a written decision, held that arguably the sewer pipes had become a fixture to the land beyond the control of defendant and granted plaintiff's motion for a preliminary injunction. Supreme Court also concluded that "there was no clear expression that [defendant] intended to keep ownership of the pipes" and that defendant "has been chameleon-like in its treatment

of the sewage system". The court then denied defendant's cross motion to declare it owner of the sewer line. This appeal followed entry of the court's order.

Two questions are presented for our review: (1) whether Supreme Court correctly granted plaintiff's motion for a preliminary injunction pending the determination of this action, and (2) whether Supreme Court properly denied defendant's cross motion for a declaration that it was the owner of the sewer line.

In order to be entitled to a preliminary injunction, a plaintiff must show "a probability of success, danger of irreparable injury in the absence of an injunction, and a balance of the equities in [the plaintiff's] favor" (Aetna Ins. Co. v Capasso, 75 NY2d 860, 862; see, Kensington Ct. Assocs. v Gullo, 180 AD2d 888, 889). The only one of these three factors that defendant addresses is the requirement of irreparable harm. We reject defendant's contention that plaintiff is not entitled to a preliminary injunction because it seeks only monetary damages. Although an injunction is not available in an action for money damages only, plaintiff here requests that defendant be prohibited from disconnecting it from the sewer line and therefore may have such relief (see, Siegel, NY Prac § 327, at 465 [2d ed]; see also, Paley v Copake Lake Dev. Corp., 95 AD2d 903). Plaintiff has shown that it will have to close Saratoga Mall if it cannot use the sewer line, a harm greater than any that defendant will suffer (see, supra). Plaintiff has thus demonstrated that it has met the criteria for preliminary injunctive relief.

Defendant's contention that the "Sewer Purchase Agreement" and other proof shows that it did not intend to dedicate the sewer line to the Town until the Town created a sewer district, an event that has not yet occurred, is rejected. Whether a dedication occurred in an individual case "must be determined from the acts and declarations of the parties and all the attending circumstances" (Zebrowski v Trustees of Town of Brookhaven, 128 AD2d 704, 705, lv denied and dismissed 72 NY2d 829). Likewise the issue of whether the sewer line has become a fixture must be determined by looking at the intent of defendant (see, Matter of Metromedia, Inc. [Foster & Kleiser Div.] v Tax Commn., 60 NY2d 85, 90). The record demonstrates that there are questions of fact to be resolved before it can be determined that the sewer line was dedicated to the Town or whether the sewer line became a fixture (see, Graff v Amodeo, 178 AD2d 901, 903).

Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.