■ MICHAEL EGAN, Respondent, v NEW YORK CARE PLUS INSURANCE COMPANY, INC., et al., Appellants. [697 NYS2d 776] —Crew III, J. Appeal from an order of the Supreme Court (Canfield, J.), entered November 24, 1998 in Albany County, which, *inter alia*, granted plaintiff's motion for a preliminary injunction.

In 1997, plaintiff was diagnosed as having central nervous system Lyme disease, which he apparently contracted sometime in 1994. Initially treated with high doses of oral antibiotics, it ultimately was determined by his physician, Kenneth Liegner, that a more aggressive treatment was required. Accordingly, Liegner sought from defendants, who insured plaintiff under a "Care Plus Health Care Contract", preapproval of intravenous antibiotic therapy. Shortly thereafter, Liegner began such therapy without having received a response from defendants. Defendants, without determining the preapproval request, began paying for the antibiotic therapy at rates varying from $1,400 per week to $2,250 per week. On November 3, 1997, defendants stopped reimbursing plaintiff for the therapy and on November 4, 1997 denied the request for preapproval. Defendants resumed making payments in January 1998 and continued to make such payments, with certain isolated exceptions, until May 1998 or June 1998, when they discontinued payments altogether. Following extensive correspondence between the attorneys for the parties, a summons and complaint was served in this action and plaintiff simultaneously moved for a preliminary injunction requiring defendants to continue paying for his therapy. Supreme Court granted the preliminary injunction and this appeal by defendants ensued.

It is now firmly established that in order to be entitled to a preliminary injunction, the movant must demonstrate a likelihood of ultimate success, irreparable injury absent the injunction and a balancing of the equities in the movant's favor (*see, e.g., Doe v Axelrod*, 73 NY2d 748, 750). Contrary to the import of defendants' brief, the first requirement does not compel a demonstration that success on the merits is practically a certitude. As conceded by defendants, the mere fact that there indeed may be questions of fact for trial does not preclude a court from exercising its discretion in granting an injunction (*see,* CPLR 6312 [c]; *Sau Thi Ma v Xaun T. Lien*, 198 AD2d 186, *lv dismissed* 83 NY2d 847). Our review of the record leads us to conclude that plaintiff has demonstrated a likelihood of success on the merits in spite of the fact that defendants have raised certain questions of fact. And while defendants are correct in their assertion that an injunction should not be granted, absent extraordinary circumstances, where the plaintiff would receive the ultimate relief sought pendente lite (*see, Rosa Hair Stylists v Jaber Food Corp.*, 218 AD2d 793), such extraordinary circumstances exist here. Plaintiff has demonstrated that he will be unable to personally pay for the therapy prescribed by his physician and, in the event that the intravenous antibiotic therapy is discontinued due to lack of payment, that he will

suffer dire physical consequences, including the potential for irreversible neurologic injury.

Defendants are correct, however, in their assertion that in granting a preliminary injunction, Supreme Court was required to order plaintiff to post an undertaking (*see*, CPLR 6312 [b]; *W.I.L.D. W.A.T.E.R.S. v Martinez*, 148 AD2d 847, 849). Accordingly, the matter must be remitted to Supreme Court for the purpose of fixing the amount of the bond (*see*, *City Store Gates Mfg. Corp. v United Steel Prods.*, 79 AD2d 671, 672). We have considered defendants' remaining contentions and find them to be without merit.

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for a preliminary injunction without requiring plaintiff to post an undertaking; matter remitted to the Supreme Court for the purpose of fixing the amount thereof; and, as so modified, affirmed.