■ CHRIS KARABATOS et al., Respondents, v ROBERT HAGOPIAN, Appellant. [833 NYS2d 700]—

Mercure, J.P. Appeal from an order of the Supreme Court (Bradley, J.), entered January 12, 2006 in Ulster County, which granted plaintiffs' motion for a preliminary injunction enjoining defendant from performing any further work on the subject road.

This dispute involves the rights and interests of the parties in a road leading from Ulster Landing Road (formerly County Route 99) easterly to the boundary of defendant's property in the Town of Ulster, Ulster County. Plaintiffs own property bordering the road. In 1959, an easement was created by plaintiffs' predecessor in favor of defendant's predecessor that was binding on their successors and provided the parties with the right to use the road "for access to the Hudson River and to the docks located thereon." The deed creating the easement further provides, in pertinent part, that: "Any change to the approaches or roadways or the alignment of such roadways through or upon either of the parcels here mentioned shall

however not be made except upon the mutual consent of [plaintiffs' predecessor] and [defendant's predecessor] or their respective successors and assigns; . . . said right of way shall at all times reasonably permit free and unobstructed access from the aforesaid County Road to the Hudson River and the dock or docks located thereon."

In September 2005, defendant began performing a substantial amount of work on a portion of the road, removing rock and vegetation from the banks that border the road and altering the elevation, surface and grading of the road. Plaintiffs thereafter commenced this action seeking to recover for damage to their properties, as well as an injunction preventing defendant from performing any further work on the road and requiring him to restore the road to its original state. In addition, plaintiffs sought a preliminary injunction preventing further work on the road, asserting that defendant had no right to make changes to the road because, among other things, he had not obtained their consent as required by the restrictive covenants set forth in the parties' deeds. Supreme Court granted plaintiffs' motion for a preliminary injunction and defendant now appeals.

A "party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (*Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]; *see* CPLR 6301; *Doe v Axelrod*, 73 NY2d 748, 750 [1988]). Here, given the unequivocal language of the deed prohibiting "[a]ny change to the approaches or roadways or alignment of such roadways" without the mutual consent of the parties, as well as defendant's concession that he performed substantial work—dropping the road's elevation by at least 30 feet in some areas, removing portions of earth and vegetation from the land bordering it and creating steep cliffs along the road—without obtaining plaintiffs' consent, we agree with Supreme Court that plaintiffs have demonstrated a likelihood of success on the merits. Moreover, while defendant asserts that plaintiffs improperly withheld their consent and that the changes were necessary to effectuate the "free and unobstructed access" provided by the language of the grant (*see Missionary Socy. of Salesian Congregation v Evrotas*, 256 NY 86, 90-91 [1931]; *see generally Lewis v Young*, 92 NY2d 443, 449-452 [1998]), "the mere fact that there . . . may be questions of fact for trial does not preclude a court from exercising its discretion in granting an injunction" (*Egan v New York Care Plus Ins. Co.*, 266 AD2d 600, 601 [1999]). Finally, inasmuch as defendant submitted no proof that he would be harmed by maintenance of

the status quo, and the removal of soil, rock, trees and other vegetation is both irreversible and threatens the structural integrity of the properties adjoining the road, plaintiffs demonstrated a danger of irreparable injury and that the equities weigh in their favor. Accordingly, Supreme Court properly granted the preliminary injunction (*see Walsh v St. Mary's Church*, 248 AD2d 792, 793-794 [1998]; *Wiederspiel v Bernholz*, 163 AD2d 774, 775 [1990]; *cf. Matter of Hedick v Halstead*, 13 AD3d 755, 756 [2004]).

The parties' remaining arguments have been considered and, with the exception of defendant's assertion that an undertaking was required, found to be lacking in merit or irrelevant to our determination. Because plaintiffs should have been required to post an undertaking, this matter must be remitted to Supreme Court to fix the amount of the bond (*see* CPLR 6312 [b]; *Rourke Devs. v Cottrell-Hajeck, Inc.*, 285 AD2d 805, 805-806 [2001]; *Egan v New York Care Plus Ins. Co., supra* at 602).

Spain, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' motion for a preliminary injunction without requiring plaintiffs to post an undertaking; matter remitted to the Supreme Court for the purpose of fixing the amount thereof; and, as so modified, affirmed.