■ MARTIN P. PATTON et al., Appellants, v JOSEPH A. FERRARA, SR. et al., Respondents. (And a Third-Party Action.) [848 NYS2d 732]—

Kane, J. Appeal from an order of the Supreme Court (Dowd, J.), entered October 4, 2006 in Otsego County, which denied plaintiffs' motion for summary judgment.

Plaintiffs decided to build a baseball camp on real property

they owned in Otsego County. To finance this venture, plaintiffs negotiated with defendant Cooperstown Capital, LLC and two other investors. The operating agreement of third-party defendant Abner Doubleday, LLC dated June 30, 2004 indicates that plaintiffs formed that entity, transferred their land to Abner and retained a 35.01% membership interest in Abner. Cooperstown Capital paid $400,000 to purchase a 10% membership interest in Abner and purchased an additional 25% membership interest for $1,000,000 payable pursuant to the terms of a promissory note. Also on June 30, 2004, the parties executed the operating agreement of third-party defendant Cooperstown All Star Village, LLC (hereinafter CASV), the organization created to operate the baseball camp. Cooperstown Capital simultaneously executed a promissory note which obligated it to pay plaintiffs $1,000,000 pursuant to a specified schedule. Defendant Joseph A. Ferrara Sr. signed the note as managing member and personally guaranteed it. Both operating agreements refer to the promissory note and those signed by the other investors as the Patton Notes.

After defendants failed to make any payments due under the note, plaintiffs commenced this action. Defendants commenced a third-party action against Abner and CASV, asserting that the operating agreements required those entities to pay all amounts due under the promissory note. Plaintiffs moved for summary judgment. Supreme Court denied the motion, prompting plaintiffs' appeal.

Reading the promissory note and operating agreements together, questions of fact exist regarding defendants' obligations to pay on the note. While plaintiffs contend that the note clearly and unambiguously requires defendants to pay, under the circumstances here we cannot read the note in isolation. "[I]nstruments executed at the same time, by the same parties, for the same purpose and in the course of the same transaction will be read and interpreted together" (*Carvel Corp. v Diversified Mgt. Group, Inc.*, 930 F2d 228, 233 [2d Cir 1991]; *see Nau v Vulcan Rail & Constr. Co.*, 286 NY 188, 197 [1941]; *Grossman v Laurence Handprints-N.J.*, 90 AD2d 95, 100 [1982]; *Flemington Natl. Bank & Trust Co. [N.A.] v Domler Leasing Corp.*, 65 AD2d 29, 32 [1978], *affd* 48 NY2d 678 [1979]; *see also Manufacturers Trust Co. v Steinhardt*, 265 NY 145, 148 [1934]; *Smith v Shields Sales Corp.*, 22 AD3d 942, 943 [2005]; *In re Atlantic Computer Sys., Inc.*, 173 BR 844, 851 [SD NY 1994]). The operating agreements and promissory note were executed on the same date, by the same parties, for the purpose of creating or reforming Abner and CASV in the course of a transaction to begin the baseball

camp. Hence, these documents must be read and interpreted together.

Although the promissory note requires defendants to pay plaintiffs the amounts mentioned therein, without mentioning any obligation by Abner or CASV, the operating agreements reference the note. Abner's operating agreement specifically mentions that Cooperstown Capital purchased a 25% membership interest for $1,000,000 payable pursuant to the terms of a promissory note. Both operating agreements provide that when determining the amounts of additional capital contributions, the members "shall consider all of the Operating Expenses (as hereinafter defined) of the Company [i.e., either Abner or CASV]," with credit to plaintiffs for capital contributions applied as payment against the Patton Notes. The operating agreements define "Operating Expenses" as "all expenditures made by the Company, including . . . payments of principal and interest due under the Patton Notes." Because the note requires defendants to pay, but the operating agreements include payments under the note as operating expenses of Abner and CASV, questions of fact exist concerning the breach of the agreements and the amount, if any, due under the note. Accordingly, Supreme Court properly denied plaintiffs' motion for summary judgment.

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.