■ Lew Beach Company, Respondent, v Susan L. Carlson et al., Appellants, et al., Defendants. [869 NYS2d 278]—

Kavanagh, J.

Plaintiff operates a hunting lodge on property located in the Town of Rockland, Sullivan County. Access to the lodge is gained by way of a dirt roadway, referred to as Old Hunter Road, which crosses the properties of defendants Susan L. Carlson, Jeanne L. Smith, Douglas E. Loucks, Ross Loucks, Regan Ridge Hunting Club, Inc. and Beaverkill Trout Club, Inc. (hereinafter collectively referred to as defendants). Alleging that it has a right to use Old Hunter Road to access its property, plaintiff commenced this action claiming that it has an easement over defendants' properties that exists by prescription, necessity and implication. Also, plaintiff alleges that defendants have placed debris across the roadway in an attempt to block its access to its lodge and, by order to show cause, sought a temporary restraining order and preliminary injunction prohibiting defendants from interfering with its use of the roadway.[1] County Court issued the temporary restraining order and subsequently granted plaintiff's request for a preliminary injunction barring defendants from preventing or interfering with plaintiff's use of Old Hunter Road. Defendants now appeal.

We see no abuse of County Court's discretion in granting plaintiff's request for a preliminary injunction based on its claim that it had a prescriptive easement on the roadway that ran through defendants' properties.[2] To obtain a preliminary injunction, plaintiff was required to establish "the likelihood of ultimate success on the merits, irreparable injury and a balancing of equities in [its] favor" (*Town of Elmira v Hutchison*, 53 AD3d 939, 940 [2008], quoting *Ulster Home Care v Vacco*, 255 AD2d 73, 76 [1999]; *see* CPLR 6301; *Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]; *Doe v Axelrod*, 73 NY2d 748 [1988]; *Morrison v Woolley*, 45 AD3d 953, 954 [2007]). To prevail on its claim that it has a prescriptive easement over defendants' properties, plaintiff must establish through clear and convincing evidence that it enjoyed uninterrupted use of the roadway for a 10-year period and that its use for that entire period was adverse, open and notorious (*see Ray v Beacon*

---

**1.** At that time, plaintiff also sought to prevent defendants from interfering with plaintiff's use of Wagon Wheel Trail—a separate and distinct road not referenced in either the complaint, amended complaint or second amended complaint. Nonetheless, County Court extended the temporary restraining order to include Wagon Wheel Trail, provided that plaintiff amended its complaint to include Wagon Wheel Trail. While defendants challenge the appropriateness of this action by County Court, the temporary restraining order as it applies to Wagon Wheel Trail has since expired and plaintiff has withdrawn any claims with respect to it.

**2.** County Court did not reach a conclusion as to plaintiff's claims regarding the existence of an easement by necessity and implication and, given our finding, it is not necessary to address either of these claims.

*Hudson Mtn. Corp.*, 88 NY2d 154, 159 [1996]; *Goldstein v Jones*, 32 AD3d 577, 581 [2006], *lv dismissed* 8 NY3d 939 [2007]; *J.C. Tarr, Q.P.R.T. v Delsener*, 19 AD3d 548, 550 [2005]; *Cole v Rothe*, 18 AD3d 1058, 1058 [2005]; *Wechsler v People*, 13 AD3d 941, 944 [2004]). While there is no dispute that plaintiff and its predecessors in title have used this roadway for more than 20 years, defendants claim that such use was with their permission and not as a matter of right or in any way adverse to defendants' property interest. In that regard, defendants point to the fact that plaintiff offered to purchase the right to use this roadway immediately prior to commencing this action. They also claim that plaintiff only acquired title to the property in 1999 and has not presented any evidence that the lodge's previous owner's use of the roadway was adverse or notorious or in any way consistent with the existence of a prescriptive easement.

In response, plaintiff claims that the funds it offered defendants were to pay for repairs to culverts and a bridge located on another parcel of property in the area, and that as part of this transaction, it sought an agreement from defendants that would have memorialized its existing right to use this roadway. Plaintiff also argued that credible evidence was presented establishing that it has maintained locked gates along the road's perimeter, which supports its claim that its use of this roadway was open, notorious and without defendants' permission. Plaintiff also notes that allegations set forth in the second amended complaint claim that, since 1959, the roadway had been used by their predecessors in title in a manner hostile and adverse to defendants' interest. Taken as a whole, there is no doubt that questions of fact exist as to plaintiff's right to use this roadway; however, the existence of these issues does not " 'preclude [the] court from exercising its discretion in granting an injunction' " (*Karabatos v Hagopian*, 39 AD3d 930, 931 [2007], quoting *Egan v New York Care Plus Ins. Co.*, 266 AD2d 600, 601 [1999]). The fairness of this decision—designed to preserve the status quo—is made even more manifest by defendants' promise that they will not prevent plaintiff or any of its members from using this roadway while this action is pending.

Moreover, plaintiff has established that it can only gain access to its property by use of this roadway and that, as a result, it would be irreparably harmed if a preliminary injunction is not granted and that the equities weigh in its favor (*see Town of Elmira v Hutchison*, 53 AD3d at 940; *Karabatos v Hagopian*, 39 AD3d at 932). Given that the grant of a preliminary injunction at this point in this action causes no harm to defendants,

prevents irreparable injury to plaintiff and, as stated, preserves the status quo, County Court's orders should be affirmed (*see Bonded Concrete, Inc. v Town of Saugerties*, 42 AD3d 852, 856 [2007]; *Karabatos v Hagopian*, 39 AD3d at 931-932).

Because our decision does not result in a remittal of this action, we need not address defendants' claim that the matter should be assigned to a different judge, and defendants' remaining contentions have been reviewed and found to be lacking in merit.[3]

Cardona, P.J., Mercure, Lahtinen and Kane, JJ., concur. Ordered that the orders are affirmed, with costs.

---

**3.** While defendants, in their precalendar statement, raised a challenge to the amount of the undertaking to be filed by plaintiff, they have not pursued that issue in their brief and have, as a result, abandoned it (*see Antich v McPartland*, 293 AD2d 953, 953 n 1 [2002]).