■ COOPERSTOWN CAPITAL, LLC, Respondent-Appellant, v MARTIN P. PATTON et al., Appellants-Respondents. [876 NYS2d 186]—

Kane, J. Cross appeals from an order of the Supreme Court (Dowd, J.), entered May 28, 2008 in Otsego County, which granted plaintiff's motion for a preliminary injunction.

Defendant Cooperstown All Star Village, LLC (hereinafter CASV) owns and operates a baseball camp on property owned by defendant Abner Doubleday, LLC. Defendants Martin P. Patton and Brenda Patton own 35.01% of both Abner and CASV, defendant Marco Lionetti owns 29.99% of each company, and plaintiff owns 35%. When CASV and Abner were formed, the members issued promissory notes to the Pattons to pay for the land. The parties dispute whether the notes must be repaid by the members individually or by the companies, and a separate pending lawsuit addresses that issue (*Patton v Ferrara*, 46 AD3d 1203 [2007] [finding questions of fact because the promissory note obligates plaintiff to pay but the LLC operating agreements include payments of the Patton notes as LLC operating expenses]). Martin Patton called a special meeting of Abner, where the members voted to issue a capital call only on plaintiff for $454,742.95, to be paid within 15 days. Plaintiff commenced this action for declaratory and injunctive relief, including a preliminaryApril 6, 2009 injunction enjoining defendants from collecting the capital call or impairing plaintiff's rights for not paying. Supreme Court granted the preliminary injunction, requiring plaintiff to post a $216,585.44 undertaking. Defendants and plaintiff cross-appeal.

Supreme Court did not err in granting plaintiff's motion for a preliminary injunction. As the party seeking a preliminary injunction, plaintiff was required to demonstrate a likelihood of success on the merits, "danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (*Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]; *see* CPLR 6301). The decision of whether to issue a preliminary injunction rests in the trial court's sound discretion (*see Schweizer v Town of Smithtown*, 19 AD3d 682, 682 [2005]; *Honeywell Intl. v Freedman & Son*, 307 AD2d 518, 519 [2003]). The existence of factual questions for a trial does not prevent a party from establishing a likelihood of success on the merits;

success need not be a certainty to obtain a preliminary injunction (*see Karabatos v Hagopian*, 39 AD3d 930, 931 [2007]; *Egan v New York Care Plus Ins. Co.*, 266 AD2d 600, 601 [1999]).

While both Supreme Court and this Court previously determined that questions of fact preclude summary judgment in the parties' related case (*Patton v Ferrara*, 46 AD3d at 1205), plaintiff has still established a likelihood of success here. Abner's operating agreement permits capital calls, but specifies that the "[m]embers shall contribute such additional capital on a pro rata basis in proportion to their respective '[m]embership [i]nterests.' " Under the operating agreement and the promissory notes, the Patton notes are payable as operating expenses of Abner and CASV rather than the individual members, and capital calls "shall" be shared pro rata by the "members"— plural. Hence, despite questions of fact, it is at least likely that plaintiff will succeed in proving the impropriety of Abner's notice requiring a capital contribution only from plaintiff to pay the Patton note.

An opportunity for defendants to shift the balance of power and wrest complete control over the company can constitute irreparable injury (*see Vanderminden v Vanderminden*, 226 AD2d 1037, 1041 [1996]; *Casita, LP v Maplewood Equity Partners [Offshore] Ltd.*, 17 Misc 3d 1137[A], 2007 NY Slip Op 52322[U], *8 [2007]; *see also Matter of Brenner v Hart Sys.*, 114 AD2d 363, 366 [1985]). If plaintiff does not pay the capital contribution, the operating agreement permits the remaining members to meet the capital contribution on plaintiff's behalf as a loan, then repay the loan with plaintiff's equity interests in Abner. In that scenario, plaintiff would lose not only its shares of Abner, but also its ability to block certain actions which require a two-thirds vote. Those actions include selling major LLC assets and dissolving the LLC. The possibility of plaintiff losing any real say in Abner, as opposed to maintaining the status quo where defendants suffer no actual harm, suggests that the equities balance in plaintiff's favor. Thus, Supreme Court did not abuse its discretion in granting the preliminary injunction (*see Matter of Kalichman*, 31 AD3d 1066, 1067 [2006]).

The amount of the undertaking was appropriate. When granting the preliminary injunction, Supreme Court was required to order plaintiff to post an undertaking (*see* CPLR 6312 [b]; *Egan v New York Care Plus Ins. Co.*, 266 AD2d at 602). The amount of that undertaking is left to the sound discretion of the court, although "it should be rationally related to the potential damages" that defendants could recover if an injunction is ultimately deemed unwarranted (*Bonded Concrete, Inc. v Town of Sauger-*

*ties,* 42 AD3d 852, 854-855 [2007]; *see Livas v Mitzner,* 303 AD2d 381, 383 [2003]). Here, the court struck a balance and set an amount equal to the difference between the requested capital call and Abner's estimated net income. The amount of the undertaking, together with the net income, would permit Abner to pay the Patton notes. While not necessarily equal to defendants' potential damages, the court did not abuse its discretion in setting that amount.

Cardona, P.J., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.