*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 9, 2015                    520351
_____

DANIEL J. WALDRON et al.,
                    Respondents,

        v
                                          MEMORANDUM AND ORDER

PATRICIA HOFFMAN,
                    Appellant.
_____

Calendar Date:  June 3, 2015

Before:  Peters, P.J., McCarthy, Egan Jr. and Rose, JJ.

                    _____


        Law Offices of Stephen A. Johnston, Plattsburgh (Stephen A. Johnston of counsel), for appellant.

        Law Office of Andrew D. Brockway, Plattsburgh (Andrew D. Brockway of counsel), for respondents.

                    _____


Rose, J.

        Appeal from an order of the Supreme Court (Ellis, J.), entered July 3, 2014 in Clinton County, which granted plaintiffs' motion for a preliminary injunction.

        The parties own adjoining parcels of real property, title to which was once unified, located on a downtown commercial block in the City of Plattsburgh, Clinton County.  During demolition of the building located on defendant's property, her contractor broke an active sewer pipe that ran from plaintiffs' building into the basement of defendant's building where it connected to defendant's sewer pipe.  Defendant's contractor reconnected plaintiffs' pipe, but defendant informed plaintiffs that, as part of her construction project, their pipe would be capped and they would no longer be permitted to route their sewer line through

defendant's property.  Plaintiffs commenced this action seeking, among other things, a declaration that they have a prescriptive or implied easement for their sewer pipe on defendant's property and, pending resolution of these issues, they moved for a preliminary injunction.  Supreme Court granted the motion and defendant appeals.[1]

"The purpose of a preliminary injunction is to maintain the status quo and prevent the dissipation of property that could render a judgment ineffectual" (Ruiz v Meloney, 26 AD3d 485, 486 [2006] [citation omitted]; see CPLR 6301).  "The decision to grant or deny a request for a preliminary injunction [is] committed to the sound discretion of the trial court, [and] our review is limited to whether Supreme Court has either exceeded or abused its discretion as a matter of law" (Schulz v State of N.Y. Exec., 108 AD3d 856, 857 [2013], lv dismissed 21 NY3d 1051 [2013] [internal quotation marks and citation omitted]).

Although plaintiffs' sewer pipe was clearly visible in defendant's basement, defendant contends that plaintiffs cannot establish an easement by prescription because the function of the pipe was not obvious.  However, the photographs and evidence in the record make clear that the pipe entered defendant's building from the direction of plaintiffs' adjacent building and had been there for decades prior to the commencement of the action.  Without reaching a conclusion that plaintiffs will prevail by establishing an easement by prescription or implication, there is enough evidence in the record to demonstrate a likelihood of success on the merits (see generally Cooperstown Capital, LLC v Patton, 60 AD3d 1251, 1252-1253 [2009]; Karabatos v Hagopian, 39 AD3d 930, 931 [2007]).

Certainly, any disruption to the status quo would render plaintiffs' request for an easement ineffectual, and they have made a plausible claim that if defendant were to unilaterally cut off their residential and commercial tenants' access to the sewer, the potential environmental impact, along with the damage

---

[1]  At oral argument, defendant's counsel advised that defendant's construction project has since been completed.

to their reputations and the goodwill they have as landlords, would not be ascertainable, precluding them from recovering full relief (see Clayton v Whitton, 233 AD2d 828, 830 [1996]; Pyramid Ctrs. & Co. v Sarwill Assoc., 186 AD2d 968, 969 [1992]; Picotte Realty v Gallery of Homes, 66 AD2d 978, 979 [1978]).  Weighing the harm to plaintiffs against defendant's aversion to having her neighbor's sewage running through a pipe in the basement of her building, we are unpersuaded that Supreme Court abused its discretion in concluding that plaintiffs established a balancing of the equities in their favor (see Confidential Brokerage Servs., Inc. v Confidential Planning Corp., 85 AD3d 1268, 1269-1270 [2011]; Pyramid Ctrs. & Co. v Sarwill Assoc., 186 AD2d at 969).

Peters, P.J., McCarthy and Egan Jr., JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court