Petry v Gillon (2021 NY Slip Op 06590)





Petry v Gillon


2021 NY Slip Op 06590


Decided on November 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 24, 2021

532567
[*1]John Petry et al., Respondents,
v
Isabella Gillon, Individually and as Trustee for the Adam Gillon 1997 Trust and the Isabella Gillon 1997 Trust, et al., Appellants.

Calendar Date:October 12, 2021

Before:Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Isabella Gillon, Palm Beach, Florida, appellant pro se, and Iris Gillon, Teaneck, New Jersey, appellant pro se.
Rupp Baase Pfalzgraf Cunningham LLC, Saratoga Springs (Phillip A. Oswald of counsel), for respondents.



Garry, P.J.
Appeal from that part of an order of the Supreme Court (Cahill, J.), entered May 21, 2020 in Ulster County, which (1) granted plaintiffs' motion to dismiss defendants' seventh counterclaim and claims for counsel fees, (2) denied defendants' cross motion for leave to serve a second amended answer, and (3) granted plaintiffs' motion for a preliminary injunction.
Defendant Isabella Gillon and her husband were the original owners of a tract of land in the Town of Gardiner, Ulster County. At some point, the property was transferred to their respective trusts, of which Isabella Gillon and defendant Iris Gillon are trustees. In 1987, the property was subdivided into two lots. A map was filed showing the metes and bounds of those lots and depicting a driveway located wholly on Lot 2. In 2005, defendants transferred Lot 2 to plaintiffs' predecessors in interest, who transferred the property to plaintiffs in 2008. In 2017, plaintiffs obtained a survey of their property, which showed that the driveway was located along the property line between plaintiffs' and defendants' lots and partially extended into Lot 1.
Plaintiffs commenced this action in 2018 alleging, among other things, that they had acquired the disputed property (the entire driveway and a buffer of 55 feet) by adverse possession or practical location. Defendants answered and then amended their answer as of right to include, among other things, a counterclaim for intentional infliction of emotional distress. In April 2018, plaintiffs moved to dismiss this counterclaim, as well as defendants' claims for counsel fees. Defendants opposed and cross-moved for leave to serve a second amended answer adding certain additional counterclaims. Over a year later, defendants, now pro se, served an amended cross motion with a different proposed second amended answer that contained, among other things, a counterclaim for defamation and new allegations supporting their intentional infliction of emotional distress counterclaim. Plaintiffs moved for a preliminary injunction enjoining defendants from entering or using plaintiffs' property, as identified in the relevant tax map.
Supreme Court ultimately granted plaintiffs' motion to dismiss defendants' emotional distress counterclaim and claims for counsel fees. The court also denied defendants' cross motion to serve either version of their second amended answer. Finally, as relevant here, the court granted plaintiffs' motion for a preliminary injunction. Defendants appeal from that part of the court's order that granted plaintiffs' motion to dismiss defendants' emotional distress counterclaim and claims for counsel fees, denied defendants' motion for leave to serve a second amended answer, and granted plaintiffs' motion for a preliminary injunction.
Plaintiffs' motion to dismiss defendants' requests for counsel fees targeted certain paragraphs of their amended answer that address counterclaims alleging trespass and a violation of RPAPL 861.[FN1] [*2]Under the general rule, counsel fees are considered incidents of litigation and "cannot be awarded unless authorized by statute, court rule, or agreement between the parties" (Xiaokang Xu v Xiaoling Shirley He, 147 AD3d 1223, 1226 [2017] [internal quotation marks and citation omitted]; see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]). That general rule ordinarily precludes counsel fees in litigation concerning the tort of trespass. Defendants point to no provision in the CPLR or any other statute authorizing an exception to the American Rule that parties are responsible for their own costs of litigation, including counsel fees (see Congel v Malfitano, 31 NY3d 272, 291 [2018]). Additionally, "RPAPL 861 does not permit an award of counsel fees to a prevailing party" (Halstead v Fournia, 134 AD3d 1269, 1272 [2015]). Hence, Supreme Court properly granted the portion of plaintiffs' motion seeking to dismiss defendants' claims for counsel fees.
As to plaintiffs' motion for a preliminary injunction, a "party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]; accord Green Harbour Homeowners' Assn., Inc. v Ermiger, 67 AD3d 1116, 1117 [2009]; Karabatos v Hagopian, 39 AD3d 930, 931 [2007]). The existence of a question of fact "does not prevent a party from establishing a likelihood of success on the merits; success need not be a certainty to obtain a preliminary injunction" (Cooperstown Capital, LLC v Patton, 60 AD3d 1251, 1252-1253 [2009]; see XXXX, L.P. v 363 Prospect Place, LLC, 153 AD3d 588, 591 [2017]; Lew Beach Co. v Carlson, 57 AD3d 1153, 1155 [2008]). The decision to issue a preliminary injunction "is committed to the sound discretion of the trial court" and will not be disturbed unless the court "has either exceeded or abused its discretion as a matter of law" (Waldron v Hoffman, 130 AD3d 1239, 1239 [2015] [internal quotation marks, brackets and citations omitted]; see Cooperstown Capital, LLC v Patton, 60 AD3d at 1252).
Here, to obtain a preliminary injunction, plaintiffs needed to demonstrate a likelihood of success on the merits on at least one of their claims. To establish a claim for adverse possession, "the party claiming ownership is required to demonstrate by clear and convincing evidence that the character of the possession is hostile and under a claim of right, actual, open and notorious, exclusive and continuous for the statutory period of 10 years" (McMahon v Thornton, 69 AD3d 1157, 1159 [2010] [internal quotation marks and citations omitted]; see EPG Assoc., LP v Cascadilla Sch., 194 AD3d 1158, 1163 [2021]; LS Mar., LLC v Acme of Saranac, LLC, 174 AD3d 1104, 1106 [2019]). "A claim of right means a reasonable basis for the belief that the property belongs to the adverse possessor or property owner" (RPAPL 501[*3][3]; see Kheel v Molinari, 165 AD3d 1576, 1577 [2018], lv denied 32 NY3d 1194 [2019]).
Even though the deeds from defendants to plaintiffs' predecessors in interest and from the predecessors to plaintiffs provide a metes and bounds description of plaintiffs' property that does not include the disputed property, plaintiffs have asserted a claim of right to the property based on the 1987 map (compare McConnell v Wright, 151 AD3d 1525, 1526 [2017]; Hess v Baccarat, 210 AD2d 544, 545 [1994]). That map, which was filed by Isabella Gillon in June 1987 and incorporated by reference into the deeds, shows the driveway wholly on Lot 2, which is now plaintiffs' property. Plaintiffs aver that they and their predecessors in interest have, since 2005, openly and notoriously used the driveway to drive, park and store vehicles, and other materials, and have never asked for nor received plaintiffs' permission to do so. Contrary to defendant's assertion, plaintiffs' unsuccessful attempt and offer to resolve this property dispute with defendants prior to commencing litigation does not disadvantage plaintiffs in this action, as "a possessor's offer to purchase made after the 10-year statutory period has run will not defeat a valid claim of adverse possession" (2 N. St. Corp. v Getty Saugerties Corp., 68 AD3d 1392, 1395 [2009], lv denied 14 NY3d 706 [2010]; compare Larsen v Hanson, 58 AD3d 1003, 1004 [2009]). In his affidavit, plaintiff John Petry stated that defendants' tenants have trespassed on his property, that one of the tenants crashed a car into a tree on the property, and that defendants have trespassed onto the property to harass plaintiffs' contractors. Plaintiffs also submitted photographs and police reports to substantiate the trespasses. Therefore, plaintiffs have established a likelihood of success on the merits of their adverse possession claim and irreparable injury.
As defendants have a separate driveway and parking area on their lot, there is no need for them to enter plaintiffs' driveway. The status quo is being maintained, and issuance of the preliminary injunction is fair and represents a balancing of the equities, considering that Supreme Court previously issued an injunction in defendants' favor that enjoins plaintiffs from removing trees, excavating, paving or performing any construction activity on the disputed property (see Lew Beach Co. v Carlson, 57 AD3d at 1155-1156). Under the circumstances, we find no abuse of discretion by Supreme Court in granting plaintiffs' motion for a preliminary injunction enjoining defendants from entering the disputed property (see Walsh v St. Mary's Church, 248 AD2d 792, 793 [1998]).
Turning to defendants' cross motion for leave to serve a second amended answer, leave to amend a pleading shall be freely granted "in the absence of prejudice or surprise resulting directly from the delay in seeking leave . . . unless the proposed amendment is palpably insufficient or patently devoid of merit" (NYAHSA [*4]Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 99, 102 [2017] [internal quotation marks, brackets and citation omitted]; accord Walden v Varricchio, 195 AD3d 1111, 1113 [2021]; see CPLR 3025 [b]). The decision whether to grant leave is within the trial court's discretion and, absent an abuse of that discretion, will not be disturbed (see Walden v Varricchio, 195 AD3d at 1112-1113; Place v Preferred Mut. Ins. Co., 190 AD3d 1208, 1212 [2021]). Many of defendants' proposed new allegations assert defamation or intentional infliction of emotional distress claims that were either time-barred (see CPLR 215 [3]), protected by plaintiffs' constitutional right to petition the government for redress of grievances (see US Const Amend I; NY Const art I, § 9), protected by the litigation privilege (see Manhattan Sports Rests. of Am., LLC v Lieu, 146 AD3d 727, 727 [2017]; Hyman v Schwartz, 137 AD3d 1343, 1344 [2016]), or raised words or conduct that would not be actionable because they were opinions or did not rise to the level of outrageous conduct (see Mees v Buiter, 186 AD3d 1670, 1672 [2020], lv denied 37 NY3d 908 [2021]; Gentile v Grand St. Med. Assoc., 79 AD3d 1351, 1353-1354 [2010]; Kaye v Trump, 58 AD3d 579, 579-580 [2009], lv denied 13 NY3d 704 [2009]). Thus, Supreme Court did not err in declining to permit defendants to amend their answer and add counterclaims to include such allegations. However, plaintiffs acknowledge that they did not oppose the addition of three new counterclaims sounding in violation of RPAPL 861, trespass and violation of Education Law § 7209, nor did Supreme Court address those allegations. Accordingly, we modify by partially granting defendants' cross motion, to the extent of allowing a second amended answer adding the proposed tenth, eleventh and twelfth counterclaims.
Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' cross motion for leave to serve a second amended answer; said cross motion partially granted to the extent of allowing defendants to file a second amended answer adding the proposed tenth, eleventh and twelfth counterclaims; and, as so modified, affirmed.



Footnotes

Footnote 1: Although the parties have argued whether defendants may assert claims for counsel fees pursuant to CPLR 8303-a and 22 NYCRR 130-1.1, those bases were not raised in the amended answer and, accordingly, they were not proper bases for plaintiffs' motion to dismiss.