23A Props., Inc. v New Mayfair Dev. Corp. (2023 NY Slip Op 00010)

23A Props., Inc. v New Mayfair Dev. Corp.

2023 NY Slip Op 00010

Decided on January 5, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 5, 2023

533768
[*1]23A Properties, Inc., Appellant,
v
New Mayfair Development Corp. et al., Respondents.

Calendar Date:November 17, 2022

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ. 

Young Sommer LLC, Albany (Joseph F. Castiglione of counsel), for appellant.
Greg D. Lubow, Tannersville, for respondents.

Lynch, J.
Appeal from an order of the Supreme Court (Lisa M. Fisher, J.), entered July 14, 2021 in Greene County, which denied plaintiff's motion for, among other things, an order appointing a temporary receiver.
In June 2012, plaintiff, a Florida corporation, and defendant New Mayfair Development Corp. (hereinafter Mayfair), a New York corporation, entered into a joint venture agreement (hereinafter the JVA) to develop and market approximately 60 acres of property then owned by plaintiff in the Town of Hunter, Greene County. At the time that the JVA was executed, Mayfair had two shareholders — defendant Jay Kallman, a real estate developer, and Richard Rothe, a licensed engineer. Pursuant to the JVA, plaintiff and Mayfair jointly formed defendant Northgate Commons, LLC (hereinafter Northgate) for the purpose of implementing the agreement and named Kallman as managing member. The agreement called for plaintiff to contribute the premises to the project, and for Mayfair to provide the development services necessary to subdivide the property into single family homesites. Pertinent here, upon approval of the Phase I subdivision of eight lots, together with the approval of any required infrastructure plans for the project, plaintiff was required to convey the premises to Northgate. By August 2015, defendants had obtained the last required approval for the development of the subdivision. Plaintiff transferred title of the property to Northgate in March 2016.
In June 2019, plaintiff sent Mayfair a written 30-day notice terminating the JVA and seeking a reconveyance of the property, contending that no lots had been sold and Mayfair had failed to complete the site infrastructure. Under paragraph 15 of the JVA, plaintiff reserved the right to terminate the JVA and dissolve Northgate "in the event Northgate has not sold and closed on eight (8) lots . . . within 30 months after Northgate has obtained subdivision approval and has completed the installation of the infrastructure required for the sale of lots." In response, Mayfair maintained that the notice of termination was premature and asserted that substantial progress on the infrastructure work had been made. Shortly thereafter, plaintiff commenced this declaratory judgment action, seeking, among other things, to terminate the JVA and Northgate's operating agreement based on allegations of defendants' material failure to comply with their obligations under the agreements. Defendants joined issue in September 2019.
In October 2020, plaintiff moved (1) to appoint Clifford Lowrie, who became a majority shareholder of plaintiff in 2018 and was its designated agent, as a temporary receiver of the property and (2) for a preliminary injunction to prevent Mayfair and Kallman from taking any action on the property. Defendants opposed this motion. Considering both parties' supporting affidavits, Supreme Court denied the motion in its entirety. Plaintiff appeals.
We affirm. "The decision to grant or deny provisional [*2]relief, which requires the court to weigh a variety of factors, is a matter ordinarily committed to the sound discretion of the lower court[]" (Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]). Pursuant to CPLR 6401 (a), "a temporary receiver of the property may be appointed . . . where there is danger that the property will be removed from the state, or lost, materially injured or destroyed." An applicant seeking such relief must make a "clear evidentiary showing" of a danger of irreparable loss or damage to the property (HSBC Bank USA, N.A. v Rubin, 210 AD3d 73, 80 [2d Dept 2022]; accord Towne v Kingsley, 121 AD3d 1381, 1383 [3d Dept 2014]). To obtain a preliminary injunction, a party "must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d at 840). In this regard, we take note that the property remains vacant and has yet to generate any income. At the same time, there is a factual dispute as to the progress of the infrastructure improvements Mayfair is obligated to complete under the JVA. We are mindful that under a literal reading of paragraph 15 of the JVA (see Donohue v Cuomo, 38 NY3d 1, 12-13 [2022]), a condition triggering plaintiff's right to terminate is completion of the infrastructure. That interpretation supports Mayfair's contention that plaintiff's notice of termination was premature, notwithstanding Mayfair's delay in fulfilling its contractual obligation to complete the infrastructure. That said, "[i]n New York, all contracts imply a covenant of good faith and fair dealing in the course of performance" (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153 [2002]). There is no defined infrastructure completion date in paragraph 15, but the question presented is how long is too long as a matter of good faith performance.
There are several other issues in dispute, including which party is obligated to pay ongoing real estate taxes and overdue permit fees and the effect of plaintiff's failure to obtain Mayfair's advance approval of Lowrie's stock acquisition under paragraph 8 of the JVA. Under the circumstances presented, we cannot say that Supreme Court abused its broad discretion in determining that plaintiff failed to make a clear evidentiary showing that provisional relief was needed to preserve the property or avoid irreparable harm to plaintiff. Insofar as plaintiff maintains that Mayfair admitted it was financially unable to complete the infrastructure, we take note that under paragraph 3 of the JVA, any development costs not paid by Mayfair would be deducted from its share of the profits or proceeds of the JVA. Moreover, as Supreme Court recognized, each party has a significant financial interest in preserving the integrity of the property and permit approvals pending the outcome of the litigation.
Garry, P.J., Reynolds Fitzgerald, Ceresia [*3]and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.