Zwickel v Underhill Land LLC (2025 NY Slip Op 06103)

Zwickel v Underhill Land LLC

2025 NY Slip Op 06103

Decided on November 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 6, 2025

CV-23-1406
[*1]Claire E. Zwickel et al., as Trustees, Respondents,
v
Underhill Land LLC et al., Appellants, et al., Defendants.

Calendar Date:September 4, 2025

Before:Garry, P.J., Aarons, Reynolds Fitzgerald and Ceresia, JJ.

McLoughlin O'Hara, LLP, New York City (Daniel M. O'Hara of counsel) and Law Office of Laura E. Ayers, Esq., Delanson (Laura E. Ayers of counsel), for appellants.
Rupp Pfalzgraf LLC, Albany (William F. Demarest III of counsel), for respondents.

Ceresia, J.
(1) Appeal from an order of the Supreme Court (Sharon Graff, J.), entered June 21, 2023 in Greene County, which partially granted plaintiffs' motion for a preliminary injunction, (2) appeal from an order of said court, entered August 3, 2023 in Greene County, which, among other things, set an undertaking amount, and (3) motion to strike portions of plaintiffs' appellate brief.
This matter returns to us for a second time (see 237 AD3d 1455 [3d Dept 2025]). Plaintiffs are trustees of a family trust that owns a property in the Town of Catskill, Greene County (hereinafter the Zwickel property). The Zwickel property is bordered to the north and west by a flag-shaped parcel, which is lot 1 of a four-lot subdivision. A public highway, Underhill Road, runs along the southern boundaries of both lot 1 and the Zwickel property. For at least several decades, an old wagon road (hereinafter the old track) has led north from Underhill Road along the western boundary of the Zwickel property. The old track continues north through lot 1, providing access to the remaining lots. In July 2022, lots 1 through 3 were purchased by defendant Underhill Land LLC and lot 4 was purchased by defendant Underhill RE Holding LLC, of which defendant Ryan Scully is a member (hereinafter collectively referred to as the Underhill defendants). Lot 1 was subsequently sold to defendants Nishtha Hiten Dalal and Tushar Soni, who enlisted the Underhill defendants to build them a single-family home on the lot. Thereafter, the Underhill defendants began constructing that home as well as residences on the other three lots and also made improvements to the old track in order to make it more suitable for vehicular travel. As part of those efforts, the old track was reconstructed such that, beginning from its southernmost point, it gradually veers to the west, away from the Zwickel property, as it proceeds north (hereinafter the new road).
In March 2023, plaintiffs commenced this action, alleging, among other things, that the new road construction had resulted in trespass on their property, damage to trees and other wildlife, and significant erosion and runoff, and had also violated a pedestrian-only easement over lot 1. Plaintiffs moved by order to show cause to enjoin defendants from encroaching on the Zwickel property, cutting or disposing of downed trees, using the walking easement for a prohibited purpose or doing further grading or paving.[FN1] The Underhill defendants opposed the motion, as did Dalal and Soni, as well as defendant Short Fuse Construction, LLC, a contractor that was performing excavation on lot 1. By a decision and order entered on June 21, 2023, Supreme Court denied the relief sought by plaintiffs as it pertained to the walking easement and the grading and paving, but granted plaintiffs a preliminary injunction to the extent of enjoining defendants from crossing onto the Zwickel property, dumping debris thereon or making any road improvements that encroached on the Zwickel [*2]property. By a second decision and order entered on August 3, 2023, Supreme Court, among other things, set the undertaking amount at $2,500. The Underhill defendants appeal from both orders.[FN2]
As a preliminary matter, the Underhill defendants have moved to strike portions of plaintiffs' appellate brief that they claim improperly reference subsequent developments in the case. However, we find that consideration of these later developments is unnecessary and therefore have disregarded them. As such, the motion to strike is denied (see People v Blackburn, 210 AD3d 1238, 1240 [3d Dept 2022]; Matter of McMillian v Krygier, 197 AD3d 800, 800 n 1 [3d Dept 2021]).
Turning to the Underhill defendants' substantive claims concerning the propriety of the preliminary injunction, such a provisional remedy may be granted when a defendant is acting or threatens to act "in violation of the plaintiff's rights respecting the subject of the action" (CPLR 6301; see Buckley v McAteer,210 AD3d 1044, 1045 [2d Dept 2022], lv dismissed 39 NY3d 1128 [2023]). "The party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (Sardino v Scholet Family Trust,192 AD3d 1433, 1434 [3d Dept 2021] [internal quotation marks and citations omitted]; accord Darwish Auto Group, LLC v TD Bank, N.A.,224 AD3d 1115, 1116-1117 [3d Dept 2024]). "The decision to grant or deny a request for a preliminary injunction is committed to the sound discretion of the trial court, and our review is limited to whether Supreme Court has either exceeded or abused its discretion as a matter of law" (Camp Bearberry, LLC v Khanna,212 AD3d 897, 898 [3d Dept 2023] [internal quotation marks and citations omitted]; see 23A Props., Inc. v New Mayfair Dev. Corp.,212 AD3d 900, 901 [3d Dept 2023]).
The Underhill defendants contend that Supreme Court incorrectly determined that plaintiffs were likely to succeed on the merits of their claims. More specifically, they argue that the court's ruling concerning encroachment resulting from construction of the new road was in error because, contrary to the court's finding that there was "no genuine dispute" that the boundary line between lot 1 and the Zwickel property runs along the center of the old track, the location of the boundary is actually in question. However, inasmuch as the Underhill defendants failed to advance this argument regarding the boundary location in opposition to plaintiffs' motion,[FN3] their claim is unpreserved for appellate review (see Matter of Eagle Cr. Land Resources, LLC [Woodstone Lake Dev., LLC], 149 AD3d 1324, 1331 [3d Dept 2017], lv denied 29 NY3d 916 [2017]). That said, we find that Supreme Court acted within its sound discretion in ruling, based upon its review of the record, that "some clearing and portions of the road improvements encroach upon the Zwickel [property]," such that plaintiffs demonstrated a [*3]likelihood of success on the merits (see Petry v Gillon, 199 AD3d 1277, 1280 [3d Dept 2021]).
The Underhill defendants also claim that the preliminary injunction should have been denied because the equities favored them, insofar as they would suffer financial harm if construction work on the subdivision was stopped or delayed. Supreme Court considered this argument in both of the orders on appeal but found, on balance, that the limited injunctive relief granted to plaintiffs would preserve the condition of the Zwickel property, while any harm to the Underhill defendants was speculative (see Norton v Dubrey, 116 AD3d 1215, 1216 [3d Dept 2014]). In that regard, the court noted that the Underhill defendants were not being prohibited from continuing construction because, although they were enjoined from widening the southernmost portion of the new road, the width of that road was already sufficient for them to obtain building permits and begin building the residences. We discern no abuse of discretion on the part of the court in reaching this conclusion (see Darwish Auto Group, LLC v TD Bank, N.A., 224 AD3d at 1119; Arcamone-Makinano v Britton Prop., Inc., 83 AD3d 623, 625 [2d Dept 2011]; Wiederspiel v Bernholz, 163 AD2d 774, 775 [3d Dept 1990]).
Garry, P.J., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the orders are affirmed, with costs.
ORDERED that the motion is denied, without costs.

Footnotes

Footnote 1: Plaintiffs also filed notices of pendency against lots 1 through 4. The Underhill defendants moved to cancel the notices pertaining to lots 2 through 4 and sought sanctions. Supreme Court cancelled the notices but declined to issue sanctions. Upon the Underhill defendants' appeal from that decision, this Court affirmed (237 AD3d at 1459).

Footnote 2: The Underhill defendants make no argument in their brief concerning the amount of the undertaking, such that their appeal from that aspect of the August 3, 2023 order is abandoned (see Lew Beach Co. v Carlson, 57 AD3d 1153, 1156 n 3 [3d Dept 2008]).

Footnote 3: Indeed, the Underhill defendants' surveyor acknowledged that the boundary was along the centerline of the old track.